Argued October 15; affirmed November 4, 1947

# NORRIS *v.* NORRIS

186 P. (2d) 67

*Wm. K. Shepherd,* of Portland (with Collier & Bernard, all of Portland, on brief), for appellant.

*Edwin H. Lewis,* of Portland, for respondent.

KELLY, J.

This is an appeal by the defendant, Jerome Norris, from an order made and entered on December 26, 1946, by the circuit court of Multnomah County, modifying a former order in a decree dated May 17, 1945, and entered on May 19, 1945, that granted plaintiff a divorce from defendant, awarded plaintiff the care and custody of the two minor children of plaintiff and defendant, prescribed the amount, namely, $82.50 that defendant should pay in money each month to plaintiff for the support and maintenance of said children and provided further to the effect that plaintiff should have the exclusive control of certain improved real property in Multnomah County then being purchased by plaintiff and defendant; that defendant should furnish the money to pay the unpaid installments upon the purchase price of said real property, and that plaintiff should have a right to the rent paid by the tenant of the portion of said real property not occupied by plaintiff and said children.

The order of the trial court entered on December 26, 1946, from which this appeal is being prosecuted, resulted from the interposition of respective motions herein by plaintiff and defendant respectively as follows:

Upon April 24, 1946, defendant filed a motion for a modification of the order and decree of May 17, 1945. By that motion, defendant sought an order nullifying and declaring void the portion of said order and decree of May 17, 1945, that granted plaintiff the rental derived from the rented portion and the exclusive control, occupancy and use of the remainder of said real property, and required defendant to keep

up all payments on the contract for the purchase thereof.

On November 19, 1946, plaintiff filed a motion for an order modifying said order of May 17, 1945, so as to increase the monthly payments required of defendant for the support and maintenance of said minor children by the sum of $45.00 per month, which would make $127.50 the total amount defendant would be required to pay monthly to plaintiff for said purpose.

On December 9, 1946, defendant filed another motion. By this motion of December 9, 1946, defendant sought an order modifying said order of May 17, 1945, so as to decrease the monthly payments required of defendant by the sum of $32.50 per month, which, if granted, would have reduced the amount of said monthly payments to $50.00.

In his order of December 26, 1946, which, as stated, is the order from which this appeal is taken, the trial court sustained defendant's motion filed on April 24, 1946, denied defendant's motion filed on December 9, 1946, and ordered that defendant thereafter pay, or cause to be paid, the sum of $105.00 per month toward the support and maintenance of the minor children of plaintiff and defendant.

In his brief, defendant treats the order of December 26, 1946, as increasing the amount formerly allowed plaintiff. We do not so consider the facts.

As we understand the record, the order from which this appeal is prosecuted, has the effect of requiring the defendant to pay plaintiff in money an amount equal to that which in the aggregate plaintiff derived, because by the decree of May 17, 1945, plaintiff was relieved from accounting to defendant for his share of rent paid by the tenant of the rented part of said property, from paying her share of the monthly install-

ments of the purchase price of said real property and from paying the portion of the rental of said real property occupied by plaintiff that otherwise would be due from plaintiff to defendant and by the receipt of the $82.50 per month that the original decree of divorce required defendant to pay her.

In effect, this resulted in no alteration or modification of the original order of May 17, 1945, with respect to the amount of contribution defendant was required to make to plaintiff for the maintenance and support of his children.

Bearing in mind that each monthly installment to be paid on the purchase price of the real property in suit was $15.00, the monthly rental collected from the portion of the real property, occupied by third parties was also the sum of $15.00, and, as we view the showing made by plaintiff, the reasonable value of the use and occupancy of the portion of the real property, occupied by plaintiff, and the minor children of the plaintiff and defendant was also $15.00 per month, these three items aggregate $45.00 per month. Of this, except for the provision to the contrary in the divorce decree of May 17, 1945, plaintiff was obligated to pay or account for the sum of $22.50 each month as belonging to the defendant. It is obvious that, in following the provisions in the decree of divorce with respect to the real property, plaintiff received $22.50 which otherwise would have inured to defendant. Adding 22½ to 82½, the result is 105. From this elementary computation, it is apparent that under the terms of the decree of divorce herein plaintiff was really awarded, and defendant was required to supply, $105.00 per month for the nurture and education of the children of the parties.

This being true, in the order appealed from, the court made no change in the amount of the contribution required of the defendant, by the decree of divorce, for the support and maintenance of the children of the parties plaintiff and defendant; but only in the manner in which plaintiff should receive such contribution.

This then presents the question whether defendant has made a sufficient showing to entitle him to an order reducing the amount he should be required to contribute toward the support and maintenance of said children.

■ Counsel for defendant state in defendant's printed brief the rule governing the procedure in such cases as this one.

We quote from page 10 of defendant's brief:

"A provision in a divorce decree for the support and maintenance of minor children will be modified only on a showing of a change in circumstances requiring and justifying such modification at the time the modification is made." Citing authorities.

The showing made by defendant with reference to and as a basis for a modification of the order of May 17, 1945, consists of the following statements contained in an affidavit by defendant made on December 4, 1946, and verified in the state of Michigan, namely,—"That the true facts as to my financial standing are as follows:

* * * "That during the month of May, 1946, my health required me to leave Oregon and on the advice of a physician I did leave Oregon, and I went to Illinois to take a job there. That job, however, did not work out, and until about six weeks ago my only employment has been such odd jobs

as I have been able to obtain, and at no time during such period did I earn as much as $100.00 per month. About six weeks ago, in order to increase my income, I invested about $500.00 to become a partner in a new business, and although said business has future possibilities, thus far I have been able to draw as wages and return therefrom the total amount of $80.00, and that is all this business has paid me or has been able to pay me during the said six weeks, and I received no income from any other source whatsoever, and I do not know how long it will take until said business is able to pay me a reasonable income. Although on my earnings I am not able to pay the sum of even $50.00 per month, I feel that is a minimum reasonable amount required for the support and maintenance of said minor children.

That since said decree of divorce was entered, I have remarried. My present wife and I have not had any children but we are expecting one. I would not be able to even make a living for my wife and myself at the present time but for the fact that we are living in the home of her parents. I have no assets at all at this time which can be converted into cash.

It is true that I have made no payments toward the support of said minor children for several months past, but it has been financially impossible for me to do so. In May of this year, through my attorneys and through plaintiff's attorney, a settlement was arranged whereby I would pay $336.97 upon the balance of the contract to purchase, and turn over to the plaintiff all of my right, title and interest in and to the real property mentioned in said decree for the sum of $3,836.97, the said sum of $3,836.97 was to be used to take care of the monthly support and maintenance of said minor children at the rate of $82.50 per month.

That the terms of this agreement were fully understood to me and to my attorneys and I signed said agreement, and I am informed and believe that

said terms were fully understood and approved by plaintiff's attorney and that plaintiff's attorney believed that plaintiff understood such agreement and was willing to sign the same, but plaintiff has refused to sign said agreement.

That during most of our married life plaintiff insisted upon working, although such was against my wish and desire, and I am informed and believe that she has been for about 1½ years past, and is now, gainfully employed in the press department of Gerber Advertising Co. I do not know the amount of her salary from that employment, but believe it is substantial.''

While in the foregoing statement, defendant refers to the state of his health in May, 1946, and that on account of it, under the advice of a physician, he left Oregon and went to Illinois, the name of the physician is not given and the diagnosis of defendant's ailment is not stated. The nature of the work that proved disappointing is not stated; the specification of the odd jobs that defendant says he was able to obtain is not set forth, nor the respective amounts paid to defendant are not furnished. Neither the times nor the places of such jobs are presented. The character of the business in which defendant says he invested $500.00, during the latter part of October, 1946, is not stated; the name or names of his associate or associates therein nowhere appear in his affidavit and the location of the place of business is not given.

With reference to the fact stated in defendant's affidavit that he has remarried since plaintiff was awarded a decree of divorce from him, the authorities are not harmonious upon the effect which should be given to that fact in determining whether an allowance for the support and maintenance of the children by the first marriage should be modified.

A comparatively early authority states the rule thus:

"The remarriage of the husband is no ground for reducing the amount of alimony decreed to his divorced wife, even though, such remarriage is a drain on his financial resources; but the fact of his remarriage is no ground for increasing the allowance to his first wife." 19 C. J., Subject: Divorce, pp. 276, 278.

A later authority says:

"The fact that a divorced husband had remarried * * * is not alone ground for reducing the amount of the allowance." 27 C. J. S. Subject: Divorce, p. 1245, Sec. 322.

A comparatively recent authority presents a more comprehensive interpretation of the authorities thus:

"Remarriage of the husband is not absolute ground for a reduction of his alimony and support obligations to his former wife. The position generally taken by the courts is that he remarries at his own risk and his taking on of the additional obligations of another family is not entitled to much judicial consideration with respect to his obligations to his former one. Nevertheless most courts are not inclined to be too hard on an ex-husband where the welfare and support of a number of persons is dependent upon him, and the court may well consider his additional obligations and reduce those to his first family where it is obvious that he is having great difficulty in keeping up both establishments notwithstanding due effort to do so. *Of course, under general principles governing such situations, the husband has to make a showing of a change in circumstances other than merely by reason of his volitional act in remarrying.* The fact alone that his ex-wife has obtained employment and is earning money is not enough to require a change in his payments to her. His financial situation, remarried, may, under some

circumstances, be even better than it was in the first instance, warranting an increase in the amounts he should pay his first wife rather than a decrease." Vol. 2, Nelson, Divorce and Annulment, (2d Ed.) Ch. 17, Sec. 17.12, pp. 437, 438 and 439. (Italics supplied.)

■ In brief, defendant's affidavit presents no definite facts upon which the trial court could base a finding that there had been such a change in defendant's circumstances as to justify a reduction in the amount required of him for the support and maintenance of his two children.

It is true that defendant says that for the first six weeks of his membership in the new partnership he received only $80 and that is all the business was able to pay him during these six weeks, but he gives no information as to the character of the business, nor the amount of uncollected or accruing accounts, if any, held by the partnership. One thing this statement does definitely present, and that is that in May, 1946, defendant valued his interest in the Multnomah County real property in the sum of $3,836.97. There is nothing in the affidavit indicating that it was of any less value on December 4, 1946, or that the rental accruing therefrom was any less than when the trial court rendered his decision and entered the decree of divorce.

■ Defendant argues that we should hold that the original allowance was void and hence ought not now to be given effect. We think that the order in question at most was voidable. *Todd v. Todd,* 197 Miss. 819, 20 So. 2nd 827; *Mahaffa v. Mahaffa,* 230 Iowa 679, 298 N. W. 916, quoting 31 Am. Jur. 66. Moreover, the amount so received from defendant by plaintiff for the purpose stated is not disputed.

In this subsequent consideration of the question of how much plaintiff should be awarded, it is not only permissable, but necessary to bear in mind the amount heretofore actually received by plaintiff from defendant. As we view the record, in requiring defendant to pay $105.00 in money instead of $82.50 in money and $22.50 in rental, release from paying her part of the installments on the purchase price, and free use of defendant's half interest in said real property, the trial court did not increase the amount of the contribution made by defendant to plaintiff for the nurture and education of said minors.

We are also of the opinion that defendant has failed to present a showing entitling him to a reduction of the amount plaintiff was originally awarded by the trial court who granted plaintiff a divorce from defendant.

For these reasons, the judgment and order of the circuit court is affirmed.