Argued October 3, reversed; original decree reinstated as modified
October 10, 1962

## ROWLEY *v.* ROWLEY
375 P. 2d 84

*Paul M. Reeder,* Hillsboro, argued the cause and filed the brief for appellant.

*Richard C. Horn, Jr.,* Portland, argued the cause and filed the brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and DENECKE, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, the former wife of the defendant, from an order of the circuit court entered February 27, 1962, which modified a decree of divorce entered in 1954 that (1) granted the plaintiff a divorce from the defendant; (2) granted the plaintiff the custody of Dayle E. Rowley, then 4½ years of age, of whom the plaintiff and the defendant are the parents; and (3) ordered the defendant to pay $75 monthly for the support of Dayle, subject to a reduction to $50 monthly if the plaintiff remarried. The plaintiff remarried a year later, and thereupon the required amount of the monthly child support payments became $50. The order under attack reduced the "child support payments from $50 a month for Dayle E. Rowley to $25 a month and required said child to be carried on a hospital insurance policy." The defendant expects to accomplish the insurance requirement without cost through a policy of hospital insurance which his labor union issued to him. The plaintiff does not contest the insurance feature of the order but submits that the facts developed during the hearing upon the motion did not justify the court in reducing the child support payments.

At the time of the hearing the aforementioned Dayle was 12 years of age. The uncontradicted and unchallenged evidence shows that he is in delicate health; he suffers from ear infections, he incurred a brain injury at the time of his birth, he is "a slow child," and he must take medications continuously in order to prevent convulsions.

As we have mentioned, the decree of divorce required the defendant to pay $75 per month for Dayle's care, subject to reduction to $50 per month in the event the plaintiff remarried. She remarried and thereupon the child support payments became $50 per month. The order under attack reduced them to $25 per month for the reasons which we will presently mention.

The evidence indicates that the plaintiff's present husband is a longshoreman and that he suffered a back injury which for many months has prevented him from working more than two or three days per month. His three children by a prior marriage live with him and the plaintiff. We take the following from the brief of the defendant (plaintiff's former husband).

"It is unfortunate that appellant and her husband have found it necessary to rely at times on public assistance."

Accordingly, defendant concedes that the plaintiff's finances are meager. She is in debt in the amount of $273 for medical and dental expenses incurred in Dayle's care.

After the divorce the defendant remarried, but a year later was separated from his new wife by divorce. He then married his present wife who is the mother of three children by a former marriage. The three live with the defendant and his present wife. Two of the three are in impaired health; one of them is 9 years of age, and the other is 11. Both have required hospitalization and other medical care.

The defendant earns $320 per month "take home pay." The payment of $50 per month was materially in arrears when the court reduced it to $25 per month. The defendant's finances are in a serious plight. He

compiled a list of his monthly expenses which constitute the following:

| | |
|---|---:|
| Mortgage payment on his home | $ 96.59 |
| Furniture payments | 17.37 |
| Personal loan | 29.00 |
| Car payment | 54.16 |
| Employees finance | 44.13 |
| Medicine | 20.00 |
| Food | 130.00 |
| Insurance | 40.00 |
| Clothing | 25.00 |
| School expenses (including lunches) | 12.00 |
| Utilities | 35.00 |
| | $503.25 |

It will be observed that according to his compilation he must meet monthly expenses that aggregate $503.25 whereas his monthly take home wages are $320. Thus, he faces a deficit of $183.25 monthly, not including the $50 which he must pay each month to the plaintiff by the terms of the original decree. Occasionally his present wife works, and when she does so she earns $15 per week.

Wages of $320 per month cannot discharge expenditures of $503.25 per month. Seemingly, the defendant cannot increase his income unless his present wife accepts employment. Evidently the defendant has no trouble in getting his expenditures into upward flight, but his income resists all efforts to induce it to pursue the soaring course of his expenditures. Accordingly, he must reduce his expenses if he hopes to make both ends meet.

The defendant pays $40 per month as the premiums upon two policies of life insurance. His present wife is the beneficiary of one of the policies and his stepsons are the beneficiaries of the other. The defend-

ant cannot claim that it is impossible for him to pay $50 per month for the care of his son by his first marriage, who is badly in need of help, as long as he maintains the insurance that we just mentioned. Without taking note of the amounts which are included in the foregoing list as monthly sums paid by the defendant for such items as food and clothing for his stepsons, and likewise ignoring the $40 monthly premiums which the defendant spends for insurance on behalf of his new family, we observe that the list includes three items totalling $76.13 which the defendant spends monthly upon the sons of his present wife for other benefits. His son by his first marriage constitutes a legal obligation which he must discharge. ORS 108.040 and 167.605. The children of his present wife may appear to him as moral obligations, but that status does not impose as exacting a duty as the one imposed by law. The law cries out to the defendant that he must be just with his own son before he undertakes to become generous with his newly acquired family. His new wife has a first lien upon his affections, but she has only a secondary lien upon his purse.

We are aware of nothing that was developed during the hearing upon the motion for modification that revealed any change in circumstances except changes that occurred voluntarily through the defendant's marriage.

██ This court is well aware of the insoluble economic problems frequently facing the trial courts in deciding motions to modify support decrees. We have no desire to substitute our judgment in such matters for that of the trial judge. Here, however, there was no evidence of any changed circumstances except defendant's subsequent marriage and the obligations arising thereby; and, as we have previously decided, this is

not a sufficient basis to modify an order for support payments. *Norris v. Norris,* 182 Or 101, 186 P2d 67, and Nelson, Divorce and Annulment, 2d ed, § 17.12, page 65.

The order which is under attack, except the feature for hospital insurance for Dayle, is reversed and the original decree is reinstated.