Submitted on record and appellant's brief January 20,
order reversed and original decree reinstated
February 5, 1970

BROWN, *Appellant, v.* BROWN, *Respondent.*

464 P. 2d 706

George P. Haley, Portland, filed the brief for appellant.

No appearance for respondent.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

SCHWAB, C. J.

The issue in this case is the extent of the power of a court to modify that portion of a divorce decree pertaining to the support of minor children.

The plaintiff and the defendant are the parents of two young boys. In May of 1968, the parties, contemplating divorce, entered into a property settlement agreement wherein the defendant agreed, among other things, to pay the plaintiff the sum of $225 per month for child support. Shortly thereafter a divorce decree was entered. The decree incorporated the property settlement as a part of the decree, awarded the custody of the children to the plaintiff and approved $225 per month as child support, payable by the defendant to the plaintiff.

In December of 1968, the court found the defendant in contempt based on its findings that he was able to pay the child support as ordered and that he had wilfully and deliberately refused to pay. The defendant remained delinquent and in March of 1969, was ordered to serve 10 days in jail for contempt. Thereafter, the defendant moved the court for an order reducing the child support. The trial court held a hearing on the motion on April 21, 1969, and modified the decree of divorce entered as of May 17, 1968, by substantially reducing the amount of child support payable by the defendant to the plaintiff. The trial court's oral opinion lucidly summarized the situation:

"THE COURT: All right. The Court finds that whether it is able to answer the question of a change of circumstances or not, that apparently the process of child support under the property settlement agreement is self-defeating. The Court already made its statement with respect to Mr. Brown's attitude, which was contemptuous, surly and offensive to the Court, highly offensive to the Court.

"* * * [H]e has first undertaken to be unfaithful to his wife, secondly, he purchased a divorce on the basis of an over-promise with regard to child support and other sacrifices of his financial posi-

tion, and then remarried, reproduced, and presented victoriously to his first wife an insoluable [sic] economic problem."

Realistic as the trial judge's appraisal of the situation may have been, he exceeded his powers by reducing the child support requirements in the absence of a finding of a change in circumstances. As the Supreme Court said in *Rowley v. Rowley*, 232 Or 285, 289-90, 375 P2d 84 (1962):

"This court is well aware of the insoluble problems frequently facing the trial courts in deciding motions to modify support decrees. We have no desire to substitute our judgment in such matters for that of the trial judge. Here, however, there was no evidence of any changed circumstances except defendant's subsequent marriage and the obligations arising thereby; and, as we have previously decided, this is not a sufficient basis to modify an order for support payments. *Norris v. Norris*, 182 Or 101, 186 P2d 67, and Nelson, Divorce and Annulment, 2d ed, § 17.12, page 65."

The trial judge found no change of circumstances except for the remarriage of the defendant, and our examination of the record reveals nothing which would have supported such a finding.

The order which is under attack is reversed and the original decree is reinstated.