Argued February 26, reversed March 18, reconsideration denied
April 24, petition for review denied May 14, 1974

In the Matter of the Dissolution of the Marriage of
DRESIE, *Appellant, and* DRESIE (No. 377-376),
*Respondent.*
519 P2d 1294

*James W. McClurg,* Portland, argued the cause for appellant. With him on the brief were Kennedy & King, Portland.

*John C. Barrett,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is an appeal by the petitioner husband from an order modifying a divorce decree by increasing the child support for two children, a boy 14 and a girl 12, from $100 per child to $125 per month per child. The trial court noted that no appeal or other attack upon the divorce decree itself had been made. No change of circumstances since the date of the decree was shown in the hearing for modification of the decree, but the court developed in interrogating petitioner husband, whose new wife was also working, that his present family income, with two adults and one dependent teenager, was $1200 per month, while respondent wife, unremarried, had $570 per month for one adult and two grade school children. The court obviously felt that it would be unfair to refuse to increase the support award and said:

> "* * * [T]here is no legal authority to find that there was a change of circumstances nor authority to make a modification.
> "* * * [T]he last time this issue was squarely presented to the Court * * *
> "* * * the Court of Appeals said that this Court had under those circumstances no authority. * * *
> "The problem the Court has now is to determine whether or not it should tell [counsel for petitioner husband], outrage his legal sense, that his client will have to pay $125 per month per child and tell him he has such recourse to the Court of Appeals; or whether the Court should tell [counsel for respondent wife] that he must explain to his client that in spite of inequities, the Court must follow the Court of Appeals in a comparable case.
> "* * * * *

"[Counsel for petitioner husband] is absolutely correct in saying—and I want the record to be so clear that when it is appealed it may be affirmed from the bench without the necessity of an opinion —is absolutely correct in saying that there is no present change of circumstances. There is obviously gross inequity * * *.

"The decree will be modified to require him to pay $125 per month per child as of today."

■■ As the trial court had previously pointed out, though there may have been avenues through which the respondent wife could have sought relief, modification of the decree without change in circumstances was not one of them. In *Howser v. Howser,* 2 Or App 474, 476, 469 P2d 790 (1970), this court said:

"The law in Oregon continues to be:

" 'A party who requests a modification of a provision of a divorce decree relating to support or alimony must allege and prove a change in the circumstances of one or the other of the parties sufficient to justify the modification requested. Such allegations are necessary to apprise the other party of the grounds upon which the applicant intends to rely for a modification so that a defense may be prepared. *Hurner v. Hurner,* 179 Or 349, 357, 170 P2d 720 (1946). * * *' *Watson v. Watson,* 251 Or 65, 66-67, 444 P2d 476 (1968)."

With specific reference to the problem confronting the trial judge here, we said in *Brown v. Brown,* 1 Or App 543, 545, 464 P2d 706 (1970):

"Realistic as the trial judge's appraisal of the situation may have been, he exceeded his powers by * * * [modifying] the child support requirements in the absence of a finding of a change in circumstances. * * *" .

Reversed.