# In the Matter of the Dissolution of the Marriage of
# ROBERTS, *Respondent,*
## *and*
# ROBERTS, nka DEAN, *Appellant.*
## (No. 42528, CA 6236)
### 554 P2d 570

*E. Joseph Dean,* Portland, argued the cause for appellant. With him on the brief were Davies, Biggs, Strayer, Stoel and Boley, Portland.

No appearance for respondent.

Before Schwab, Chief Judge, and Fort, Judge, and Sloan, Senior Judge.

SCHWAB, C. J.

**SCHWAB, C. J.**

Wife appeals from that portion of a circuit court order modifying respondent-husband's child support obligation under a January 1974 dissolution decree by reducing the obligation from $100 to $75 per month for each of two children and denying her motion for entry of a wage assignment order directing husband's employer to withhold wages to secure delinquent support payments. We reverse.

Husband, an electrician, alleged by affidavit that he had been intermittently unemployed but was currently earning $1,000 per month at his trade. He alleged he earned $900 per month at the time of the decree. Husband further alleged that the cost of living had risen sharply, that his monthly expenses exceeded $1,200 per month, and that his present wife was currently unemployed due to an industrial accident.

The burden of proof is on the moving party to show a change in circumstances sufficient to justify modification of a support provision. *Watson v. Watson,* 251 Or 65, 444 P2d 476 (1968).

Husband did not show a reduction in his own income or show that his present wife's industrial injury was a financial drain.[1] The uncontroverted evidence was that husband's intermittent unemployment was typical for his occupation and that such unemployment had not affected his relatively stable annual income. Although husband did show an increase in his financial obligations as a result of his subsequent remarriage and the adoption of his present wife's children, these new obligations alone cannot justify a reduction in husband's support payments. *See Rowley v. Rowley,* 232 Or

---

[1] Husband testified that his present wife was unable to continue her janitorial job after losing an index finger and that she was participating in a rehabilitation program to learn bookkeeping and accounting. The only evidence in the record relating to her previous income and the amount of time she worked was that she earned $3,450 in 1974. Although wife is now receiving some financial assistance during this transitional period, husband was unable to say how much.

285, 375 P2d 84 (1962); *Betts v. Betts,* 18 Or App 35, 523 P2d 1055 (1974).

Wife also contends that the trial court should not have denied her motion for entry of a wage assignment order on the ground that husband was delinquent in his support payments. The trial court assumed that it had and purported to exercise its discretion in denying wife's motion on the grounds that husband frequently changes employers and the requested order might prove ineffective.

■ We agree with wife that the trial court was required by ORS 23.777 to issue a wage assignment order directing husband's employer to withhold wages to secure the delinquent payments. In pertinent part, that statute provides:

> "In addition to any other remedy provided in law for the enforcement of support, the court, upon notice that support payments * * * are delinquent and application by the obligee * * *, shall issue an order directing any employer * * * of the obligor to withhold and pay over to the Department of Human Resources or the clerk of the court out of which the order is issued, whichever is appropriate, money due or to become due such obligor in an amount not to exceed:
>
> "(a) One-fourth of the disposable earnings as defined in ORS 23.175 due or becoming due the obligor at each pay period, until all delinquent amounts due together with interest are paid in full, plus all further amounts coming due before the delinquent amounts are paid in full." ORS 23.777(1)(a).

■ Upon application by an obligee, issuance of a wage assignment has been made mandatory under the foregoing statute when it has been established that support payments are delinquent and the obligor is earning wages which are otherwise assignable.[2]

---

[2]The trial court may have erroneously concluded that issuance of a wage assignment order was discretionary under ORS 23.783 which, in pertinent part, provides:

"Any decree, judgment or order for the payment of support for the

■ Wife further requests this court to require husband's union to notify wife whenever husband changes his employment. This we cannot do. Husband's union is not a party to this proceeding and any judgment purporting to bind it would be void. *See Dolph v. Barney,* 5 Or 191, *aff'd* 97 US 652, 24 L Ed 1063 (1874).

Reversed and remanded.

---

benefit of a spouse and child may *in the discretion of the court* include an order directing any employer or trustee, including but not limited to a conservator, of the obligor to withhold and pay over to the Department of Human Resources or the clerk of the court out of which the order is issued, whichever is appropriate, out of money due or to become due such obligor at each pay period, an amount ordered to be paid for support." (Emphasis supplied.) ORS 23.783(1).

The foregoing general provisions do not control over the particular provisions of ORS 23.777 relating to wage assignments to secure delinquent support payments. ORS 174.020.