Submitted on record and appellants' brief November 2, reversed and remanded with directions, November 15, 1976

STATE ex rel STATE OF NEW YORK and
HASBUN, *Appellants,*

*v.*

HASBUN, *Respondent.*

(No. 9672, CA 5993)

556 P2d 166

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and John W. Burgess, Assistant Attorney General, Salem, filed the brief for appellants.

No appearance for respondent.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This proceeding was brought under the Uniform Reciprocal Enforcement of Support Act, ORS ch 110, to increase the amount of support payable by the respondent-father on behalf of his dependent children residing in New York with their mother. The state seeks review of the circuit court's order following a hearing on February 12, 1976 refusing to increase the amount. On April 24, 1975 respondent was ordered to pay child support under the Uniform Reciprocal Enforcement of Support Act. In July of 1975 the court modified the April order to provide in pertinent part:

> "The defendant continues to be temporarily, totally disabled, receiving $226 each two weeks from the State Accident Insurance Fund * * *.
>
> "* * * * *
>
> "IT IS * * * ORDERED that defendant shall pay * * * the sum of $20 per month per child, a total of $80 per month commencing August 1, 1975 * * *."

In October 1975 respondent obtained employment as a mechanic and since that time his average take-home pay has been between $750 and $800 per month.

Respondent has remarried and has one child by this marriage. He has no unusual expenses or outstanding debts except he is paying $35 per month on the purchase of an automobile. At the hearing on the motion the father did not contend that he could not pay more child support but in effect indicated that he did not intend to do so until differences between him and the mother of the children concerning rights of visitation were resolved to his satisfaction. The trial court properly cautioned the father that, since the dissolution decree was entered in New York and the children were in New York, modification as to visitation was for the New York not the Oregon court—but then the trial court proceeded to deny the motion for increase of child support in disregard of the substantial increase in father's income and, hence, his ability to pay child

[ 425 ]

support. The trial court itself recognized the need of the children in New York when it said:

"* * * Your family is apparently on welfare and obviously they need more money, but you also have to support your present wife and your present child * * *."

We have previously held:

"* * * [I]t must be presumed that the husband had in mind his obligation to his children by the first marriage when he assumed the further obligations of his second marriage. *See Rowley v. Rowley,* 232 Or 285, 375 P2d 84 (1962)." *Betts v. Betts,* 18 Or App 35, 38, 523 P2d 1055 (1974).

We find that the circumstances of the respondent have materially changed and justify an increase in support from $20 per month per child to $35 per month per child.

Reversed and remanded for entry of an order consistent with this opinion. No costs to either party.