In the Matter of the Marriage of
COOK, *Appellant,*
*and*
COOK, *Respondent.*
(No. 73-0794, CA 6442)

556 P2d 707

*John Svoboda,* Springfield, argued the cause for appellant. With him on the brief were Sanders, Lively & Wiswall, Springfield.

*Leslie M. Swanson, Jr.,* Eugene, argued the cause for respondent. With him on the brief were Johnson, Harrang & Mercer, Eugene.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Wife appeals from an order modifying the original decree of dissolution to eliminate husband's spouse support payments.

The marriage was dissolved in March 1974 and the matrimonial assets divided pursuant to the terms of a property settlement agreement executed by the parties and incorporated into the decree. The decree provided in part that husband would be required to pay wife $500 per month support for three years. In August 1975, husband sought modification of this provision on the grounds that wife had remarried and was supported by her new spouse, who earned $20,500 annually. In October 1975, the circuit court denied husband's request for modification. In March 1976, husband filed a second motion for modification, maintaining that modification of the decree was justified by wife's remarriage and by the fact that husband had been recently forced to quit his job due to health reasons. In May 1976, the circuit court granted the requested modification and terminated husband's support obligation.

Modification of the spouse support provision of a dissolution decree is justified whenever there has been a change of circumstances in the financial posture of either party sufficient to warrant the exercise of a court's equity powers to adjust the terms of the original decree. *Abraham v. Abraham,* 248 Or 163, 432 P2d 797 (1967). A change in either the ability to pay on the part of the party obligated to pay support or the need the other party has for such support can be sufficient reason for modification. *Baker and Baker,* 22 Or 555, 540 P2d 388 (1975). In this case, the financial posture of each party has changed substantially since the date the original decree was entered. Wife has remarried and is supported by her present husband sufficiently well to be planning an extended trip to Scotland in the near future when her present spouse takes sabbatical leave from his teaching posi-

tion. Husband, on the other hand, was forced to quit his employment because of severe depression caused by the nature of his job.[1] His income has consequently dropped from $28,400 annually to $9,000 annually. Husband's current spouse and child support payments total $9,000 annually. We conclude that wife's remarriage coupled with the drop in husband's income factually supports the modification made by the circuit court.

Wife maintains that the fact of her remarriage was considered by the court at the time of the first modification motion and was adjudicated to be insufficient to warrant modification. Thus, wife argues, her remarriage cannot legally be considered as a factor in a subsequent modification proceeding. We do not agree. The current modification motion relies only in part upon wife's remarriage as a basis for modification. It also relies on the termination of husband's employment, which occurred subsequent to the resolution of the first modification motion. As stated by the Supreme Court in *Greisamer and Greisamer,* 276 Or 397, 401, 555 P2d 28 (1976):

> "* * * This is not an instance where the plaintiff is seeking to readjudicate a question previously decided; plaintiff is asking only that facts previously considered but which are essential to decide an existing and new dispute, be used as evidence * * *."

Affirmed. No costs to either party.

**THORNTON, J.,** specially concurring.

I concur in the result but for a different reason.

Following the hearing on the ex-husband's 1975 motion to modify, the trial judge denied the motion. As

---

[1] Wife maintains that husband voluntarily terminated his employment and that a change of circumstances brought about by voluntary actions is not sufficient to warrant modification. *See Nelson v. Nelson,* 225 Or 257, 357 P2d 536, 89 ALR2d 1 (1960). Husband, however, terminated his employment for health reasons, a decision later concurred in by his psychiatrist. The condition of husband's health can indeed be the basis for modification. *See* ORS 107.135(1)(a) and 107.105(1)(c)(C).

I read the trial judge's opinion, the reason why he allowed these payments to continue was to permit the ex-wife, even though she had remarried, to complete a course of study to qualify her to teach in her chosen field and thus become capable of supporting herself.

The record at the most recent hearing (1976) shows that the ex-wife is not pursuing the studies referred to above. If she is no longer pursuing the studies which were the basis for directing the support payments to continue, then I believe this would be a sufficient change of circumstances to warrant terminating them.

I am not persuaded that the spousal support payments should be terminated where the ex-husband voluntarily leaves his regular employment and does not seek any other type of income-producing work. Granted that classroom teaching was having an adverse effect on respondent's health, he could have sought other employment. Moreover, the record indicates that he had substantial financial assets with which to meet his family obligations even if he chose not to seek employment.