Argued January 19, affirmed, costs to neither party February 14, 1977

BROWN, *Respondent,*
*v.*
BROWN, *Appellant.*
(No. 20235, CA 6946)
559 P2d 1332

J. W. Walton, Corvallis, argued the cause for appellant. On the brief was Ringo, Walton & Eves, P.C., Corvallis.

Robert M. Gordon, Corvallis, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

LEE, J.

**LEE, J.**

The husband appeals from denial of his motion to terminate "alimony," now commonly referred to as "spousal support." ORS 107.135(1)(a).

The marriage was dissolved in April 1963 when the wife was awarded $200 per month spousal support "until such time as she may remarry" plus $150 per month support for each of two minor children and substantially half of the modest assets of the parties. In 1963 the husband was earning $11,400 per year—in 1976 $15,380. Because of the removal of a kidney in 1972 the husband, a college professor, is now restricted to a two-thirds work load. The wife was a licensed RN at the time of the divorce but let that license lapse after she underwent back surgery in 1967. Her lifting is restricted to 20 pounds. She now receives Social Security payments of approximately $87 per month and $373 from an Army disability pension which is $237 more per month than she was receiving from that source at the time of the divorce. The children are now emancipated.

In effect the trial court reduced husband's spousal support payments from $200 to $100 per month.[1] The husband appeals from the court's failure to extinguish the spousal support payments.

A substantial change in a husband's ability to pay spousal support, or a wife's necessity therefor, is a prerequisite to the modification of the spousal support provisions of a dissolution decree. *Abraham v. Abraham,* 248 Or 163, 164, 432 P2d 797 (1967); *Cook and Cook,* 27 Or App 467, 556 P2d 707 (1976); *Baker and Baker,* 22 Or App 555, 540 P2d 388 (1975). Suffice it to say that while some modification was warranted in this case neither husband's ability to pay nor wife's

---

[1]The order of the court specifically provided that for a three-month period the support provision would be reduced only by the amount of wife's Social Security payments and thereafter to $100 per month; pursuant to that order husband was obligated to make monthly support payments of $113.10 in June, July and August 1976.

need for support had been so diminished as to require the termination of support altogether; the modification ordered by the trial court was, we believe, equitable under the circumstances.

Affirmed. Costs to neither party.