Argued July 18, affirmed August 1, 1977

# WALKER, *Respondent,*
## *v.*
# WALKER, *Appellant.*
## (No. 75-158, 7798)
### 566 P2d 1222

Thomas Garrison, Roseburg, argued the cause and filed the brief for appellant.

James H. Spence, P. C., Roseburg, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

PER CURIAM.

## PER CURIAM.

In this appeal from an order denying modification of a child support and alimony provision of a Hawaiian divorce decree, we adopt the trial court's opinion, which reads in pertinent part:

"The parties were married June, 1961. A decree of dissolution was entered July, 1972 in Hawaii. There are three children of the marriage now 14, 13 and 11 years of age, respectively.

"The decree incorporated a property settlement which appears to have granted to Plaintiff [wife] most of the marital assets and requires Defendant husband to pay $500 per month child support plus $400 per month spousal support.[1] The Defendant on February 5, 1975 moved to modify the decree by eliminating the provision for spousal support and reducing the child support payments to $150 per month per child, or a total of $450. * * *

"Defendant alleges in his affidavit that there has been a change in circumstances since the entry of decree in that:

"(1) he has left submarine service which has reduced his income;

"(2) Plaintiff has moved from Hawaii to Oregon where living expenses including rent are less costly;

"(3) Defendant is remarried and now has an additional child (born since the filing of the motion to modify) and as a result his expenses have substantially increased.

"The decree incorporates the provisions of a property settlement which are unique in that the Plaintiff is penalized if she obtains employment for more than 4 hours per day during 'a normal school day'. It requires that she repay to Defendant from her earnings the alimony received from him up to the sum of $400 per month. This provision obviously would not encourage Plaintiff to actively seek employment. The evidence is clear that these terms were dictated by Defendant and

---

[1] We assume that the provision requiring $500 per month child support is just a somewhat unusual method of saying $166.67 for the support of each of the three children.

motivated by his concern that the mother Plaintiff remain at home with the children.

"It is appropriate to consider the evidence as it relates to Defendant's contentions in the order which they were raised. It is undisputed that at the time of decree, Defendant was in submarine service and that he was receiving additional compensation and benefits above his base pay. When he decided to leave submarine service, those benefits were lost to him. However, he has received regular substantial pay increments so that his base pay has increased nearly $350 per month since the decree. In addition he receives $3600 per year tax free as subsistence and quarters allowances.

"Plaintiff has moved from Hawaii to Oregon. In Hawaii she was paying $310 per month rent. She now lives in a dwelling in which she has an undivided 1/5 interest by way of inheritance from her father. She apparently pays no rent, but is required to pay the taxes and if repairs are to be made she will have to pay for those. The record is extensive as to the run-down condition of the property. It is obvious that to make the property reasonably habitable, a substantial cost would be incurred. There is little evidence in respect to lower living costs of Plaintiff in Oregon. Plaintiff has existed with help from relatives, her church and her friends during the time since Defendant unilaterally discontinued paying any spousal support in February, 1975. She is in debt for loans required to be made to her during the last two years. The Court also takes note that the children are now 14, 13 and nearly 12 years of age, respectively, and the cost of their maintenance has increased.

"Defendant contends that the Court should consider his increased expenses resulting from his remarriage and the subsequent birth of his son by this marriage in determining that a change of circumstances justifying a reduction in support has occurred. Our courts have had occasion to consider similar contentions in respect to child support. In *Rowley v. Rowley,* 232 Or 285 [375 P2d 84] (1962) the Supreme Court said: '(H)ere, however, there was no evidence of any changed circumstances except defendant's subsequent remarriage and the obligations arising thereby; . . . this is not a sufficient basis to modify an order for support payments.' In *Betts v.*

*Betts,* 18 Or App 35 [523 P2d 1055 (1974)] the Court said '. . . (I)t must be presumed that the husband had in mind his obligations to his children by the first marriage when he assumed the further obligations of his second marriage.' (see also *State ex rel State of New York v. Hasbun,* 27 Or App 423 [556 P2d 166 (1976)].)

"This Court is of the opinion that this rule applies with equal force to spousal support. It is also appropriate to note that Defendant's present wife is well educated and qualified as a teacher. She followed that profession prior to the birth of her child and earned approximately $10,000 per year. She no longer teaches because of a desire to remain home with her child, a commendable desire shared by Defendant, albeit, an expensive one.

"The facts do not support Defendant's motion for a reduction of child support or alimony and his motion in those respects must be denied.

"* * * * *."

■ We only add that arguably the property settlement and the resultant decree were on the generous side of the spectrum, but that is not a proper basis for modification.

Affirmed. No costs to either party.