Argued August 15, reversed September 19, 1977

In the Matter of the Dissolution of the Marriage of
DOOLEY, nka PECK, *Appellant,*
*and*
DOOLEY, *Respondent.*
(No. 19870, CA 7901)
569 P2d 627

Ira L. Gottlieb, Portland, argued the cause and filed the brief for appellant.

Charles Mowry, Portland, argued the cause for respondent. With him on the brief was Dardano & Mowry, Portland.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The mother of three minor children appeals from an order modifying a 1972 dissolution decree to eliminate child support payments.

The dissolution decree awarded the mother custody of the parties' three children, now aged 17, 16 and 10, and ordered the father to pay $60 per month per child in child support. At that time father was given reasonable visitation privileges. Since the dissolution, both father and mother have entered into second marriages. Either prior to or about the time of the dissolution, the parties' children began to express feelings of enmity toward father, and as a result he was not able to exercise his visitation privileges. In 1973, the court modified the visitation portions of the decree to provide specific times for visitation. Even this modification did not result in visitation. Father has not seen the children since Christmas, 1973. A conciliation counselor interviewed two of the children and concluded that they had no interest in seeing their father.

In 1976, father moved to modify the decree to eliminate child support payments on the ground that mother had refused "to allow [father] to have reasonable visitation with the minor children." The court's letter opinion states in pertinent part:

"I am granting [father's] request to modify the divorce decree so as to terminate support for the minor children of the parties.

"I do so for the following reasons:

"I find that [mother] has consistently and continuously denied [father] his right of visitation with his children. She has, also, by her influence, direct and indirect, affected her childrens' attitude about their father in an adverse way so as to render any court order concerning visitation ineffectual.

"I find that the children will in no way suffer emotionally or economically by this order."

■ Before the child support provisions of a dissolution

decree may be modified, it must be shown that a change of circumstances relating to either the need for the support or the noncustodial parent's ability to pay support has occurred. *Dresie and Dresie,* 16 Or App 687, 519 P2d 1294, Sup Ct *review denied* (1974). The Supreme Court and this court have consistently held that interference by the custodial parent with visitation does not constitute a change of circumstances in itself warranting a reduction or elimination of child support. *Godfrey v. Godfrey,* 228 Or 228, 364 P2d 620 (1961); *Garrison and Garrison,* 28 Or App 297, 559 P2d 513 (1977); *Brooks v. Brooks,* 20 Or App 43, 530 P2d 547, Sup Ct *review denied* (1975); *West v. West,* 6 Or App 128, 487 P2d 96 (1971). The reason for this rule was stated in *Godfrey v. Godfrey, supra*:

> "* * * Further, for the purpose of argument, assume that the * * * (mother) had wilfully prevented the [father] from seeing his children. It would still be discretionary with the court as to whether or not the defendant should be relieved of his children's support payments. Only the children would suffer by such action and they have done no wrong. Although there may be legal justification under the assumed circumstances, there is no moral justification in subjecting innocent children to hardships because of the misdeeds of their parents. * * *" 228 Or at 237.

In *Levell v. Levell,* 183 Or 39, 48, 190 P2d 527 (1948), the court stated:

> "If the question related to the suspension of an order for the payment of alimony for the use of the wife instead of an order for the support of the children, this court would direct that the payments of alimony be discontinued in view of the conduct of the plaintiff at Vallejo in wilfully obstructing the right of the defendant to visit the children, but in the case at bar, the question relates to the support, not of the plaintiff, but of the children who have done no wrong. The defendant is under a statutory duty to contribute to the support of his children which duty has not been terminated by the divorce. * * *"

The problem created by the custodial parent interfering with visitation does not always have a ready

solution. Though the court may use its contempt power against the custodial parent to enforce visitation privileges, a contempt citation might well be useless where, as here, the children now refuse to see the noncustodial parent—either on their own volition or as a result of the explicit or implicit urging of the custodial parent. In any event, the welfare of the children is paramount. The duty of a noncustodial parent to support his or her children is contingent only upon the needs of the children and the ability of each of the parents to provide support—and is not dependent upon the opportunity of the parent to exercise visitation privileges.

Father contends alternatively that the children no longer need the support ordered by the decree. At the time of the dissolution, mother was unemployed. Since then mother has had a number of health problems, including open heart and gall bladder surgery, and is now unable to work. There is nothing in the record to indicate that the mother has any assets of her own which are available for the support of the children. Mother's present husband earns approximately $725 net per month plus an additional $100 per month by dint of working overtime regularly. His income is the sole source of support for the children except such child support as is paid by their father. Father contends that the willingness of mother's present husband to contribute to the support of the children constitutes a change of circumstances sufficient to modify the decree.

 The effect of any contribution toward the support of children made by the present spouse of the custodial parent upon the noncustodial parent's obligation to support the children has been discussed by Oregon courts only once, in *Udy v. Udy,* 195 Or 156, 244 P2d 615 (1952):

> "* * * Remarriage of [mother] is not alone ground for changing the decree; neither is the remarriage of the [father]. But such remarriage is one of the facts that should be taken into consideration, in connection with

[ 993 ]

all the other circumstances of the case, in determining the ultimate question. * * *"[1]

ORS 109.010, the general support statute, is unconditional in its terms:

> "Parents are bound to maintain their children who are poor and unable to work to maintain themselves * * *."

A stepparent is under no statutory obligation to support his or her stepchildren, except as provided by ORS 109.055(1):

> "In cases where a child is in need because of the death of his parent or the failure or inability of such parent to pay child support in an amount adequate to meet the child's needs, the stepparent of a child under 18 years of age when the child and the stepparent are residing in the same home shall be responsible for the support of the stepchild in an amount commensurate with the stepparent's financial status and abilities."

Further, ORS 109.055(2) specifically provides that a parent's duty of support is not limited because a stepparent with whom a child is residing is able to provide some support:

> "Notwithstanding subsection (1) of this section, the legal duty of a parent to provide support for a child, as otherwise required by law, shall not be affected."

We find that here there has been no change of circumstances warranting the elimination of child support.

Here there is no wholly equitable solution. Whatever action, if any, may be appropriate, it is not one which would visit the sins of the mother upon the children or upon the stepfather, whose only apparent fault is that he has contributed substantially to the creation of a home in which the children are well cared for and happy.

Reversed. No costs to either party.

---

[1] It is well established that the noncustodial parent's remarriage, in and of itself, does not constitute a change of circumstances. *Rowley v. Rowley,* 232 Or 285, 375 P2d 84 (1962); *Norris v. Norris,* 182 Or 101, 186 P2d 67 (1947); *Brown v. Brown,* 1 Or App 543, 464 P2d 706 (1970).