JOSEPH, J.
Appellant, the father of four children who are in the custody of their mother, moved to decrease child support payments from $225 per month per child to $150 for the three youngest children and to have the eldest, then 18, declared emancipated.[1] After he filed the motion, but before the hearing, he sua sponte reduced his monthly support payments to $450. At the hearing, with no prior notice to respondent, he asked the court to credit against his support obligations certain amounts previously paid to the mother which he designated "voluntary excess child support payments.”
At the hearing, at which neither party was represented by counsel, the court found that there had been a substantial change in the father’s circumstances and therefore reduced the monthly support payments to $175 per child, with an abatement of payments for the eldest child so long as he was on active duty with the National Guard. The court also ordered the payment of the arrearage accrued since the filing of the motion and declined to determine whether the eldest son was emancipated. The credit claimed by appellant was denied because it was not part of the motion before the court.
Appellant submitted evidence of a severe reduction in his income. It was received without objection or rebuttal. The trial court found that there had been a substantial change in the father’s circumstances sufficient to warrant a reduction in his support obligations, but refused to believe that the change was as severe as he claimed. On this de novo review we also conclude that fixing the support level at $175 per month instead of the $150 per month appellant sought is appropriate. See, Roberts and Roberts, 26 Or App 777, 554 P2d 570 (1976).
*[228] Appellant arbitrarily withheld money from respondent pending the hearing on the motion. The trial court refused to modify the decree with respect to that money and ordered him to pay the arrearage by June 1,1977. His argument that the court was without power to fix the date is now moot.
The eldest son was not present at the hearing. The court had no opportunity to hear his evidence on the emancipation issue. He was then in the National Guard on temporary active duty. Neither parent was sure of his intentions on his return from duty, which was soon to occur, but both expected him to return to the mother’s home to live. The trial court was correct in determining that there was no evidence at the hearing to support a finding that he was emancipated. See, Annotation, 32 ALR3d 1055 (1970).
The matter of crediting the "voluntary excess child support payments” was, as the trial court said, not properly before the court.
Respondent asserts that this is an appropriate case for imposition of the sanction provided by ORS 19.160.[2] We doubt whether the language of that section is applicable in a case such as this one; but, be that as it may, we would decline in the circumstances of this case to apply it.
Affirmed. Costs to respondent.

The original decree of dissolution was entered before the effective date of Oregon Laws 1973, ch 827, § 14, and was therefore subject to § 84 of that Act.

 ORS 19.160:
"Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal.”