Argued and submitted May 17,1985, affirmed as modified January 22, 1986

## In the Matter of the Marriage of

### HADLEY,
*Respondent,*
*and*

### HADLEY,
*Appellant.*

(81-8-1046; CA A33506)

713 P2d 39

David W. Dardano, Portland, filed the brief for appellant.

Dennis A. Hachler, Pendleton, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warren and Young, Judges.

YOUNG, J.

## YOUNG, J.

Husband appeals from a modified decree of dissolution. He assigns error to (1) denial of his motion to terminate spousal support; (2) granting, in part, wife's motion to modify on the basis that the passage of 10 USC § 1408 (Uniformed Services Former Spouses' Protection Act) constituted a substantial change of circumstances; and (3) ordering him to provide wife a survivor benefit plan annuity under 10 USC § 1447 *et seq* and prohibiting him from applying for an annuity for any other person under the statute. We modify the modified decree.

Pursuant to a stipulated decree of dissolution dated February 19, 1982, husband agreed to pay monthly spousal support of $716.86, beginning March 1, 1982, and ending January 15, 1988.[1] In April, 1983, wife moved to modify the decree. She claimed that she should be awarded permanent spousal support and that the support should be ordered paid from husband's Air Force retirement. Husband then moved to modify, claiming that changed circumstances warranted the termination of all spousal support. The trial court continued the support in the stipulated monthly amount. Because husband had failed to pay any support, the court awarded wife a judgment for $20,072.64 in accrued and unpaid support calculated to June 1, 1984. In addition, the court ordered the Secretary of the Air Force, *inter alia,* to pay directly to wife 50 percent of husband's disposable retirement pay for payment toward the judgment and the monthly support from July 1, 1984, through January 15, 1988.[2]

Husband, 51, and wife, 48, were married 27 years. Their four children are emancipated. For approximately 22 years of the marriage husband was in the Air Force. Before and at the time of the dissolution husband received $716.86 per month net military retirement pay and a veteran's disability payment of $62.00 per month. In addition, he testified

---

[1] Under the decree, spousal support will terminate sooner if wife receives payment in full of a vendor's interest under contract to sell a mobile home court before January 15, 1988.

[2] 10 USC § 1408(e)(1) provides:

"The total amount of the disposable retired or retainer pay of a member payable under subsection (d) may not exceed 50 percent of such disposable retired or retainer pay."

that he was drawing a monthly salary of $2,500 from his warehouse business and an unspecified salary from his brickyard. Although it is not clear what his total net monthly income was at the time of dissolution, he testified that he was earning "plenty of money." He testified to the effect that, within a matter of days after the dissolution, his business losses were so substantial that he was required to file for bankruptcy. Although husband claims that his bankruptcy was unforeseen when he stipulated to the decree, the fact is that his financial circumstances were in jeopardy before the dissolution. He had been consulting with his lawyer and a banker concerning the possibility of initiating a Chapter 11 bankruptcy proceeding.

Two months after the dissolution husband remarried and assumed the support of his new wife and her six-year-old daughter. He claims that his present net monthly income is $1,227.17, which includes his military retirement (now $825.17 per month net) and the disability benefits. In addition, he and his new family occupy an apartment rent free.

At the time of the dissolution, wife's take-home pay was about $400.00 a month, which had increased to about $700.00 a month by the time of the modification hearing. Most of her living expenses are paid by the man with whom she is now living. Many of the debts which husband discharged in bankruptcy were joint obligations, and creditors are now looking to wife for payment. Although her monthly income and cost of living have improved, the debt load is clearly beyond her present financial means. On balance, wife is now in a worse financial condition than she was at the time of dissolution.

Husband first assigns error to the denial of his motion to terminate spousal support. He advances several reasons, none of which has merit.

A party seeking a modification of spousal support has the burden of demonstrating a substantial change in one spouse's ability to pay or the other spouse's need for support. *Abraham v. Abraham,* 248 Or 163, 164, 432 P2d 797 (1967); *Brown v. Brown,* 28 Or App 535, 537, 559 P2d 1332 (1977). Husband contends that wife no longer needs support because of her improved financial circumstances and living arrangement. That assertion is not supported on these facts.

Husband also asserts that his ability to pay support is diminished, because he has remarried. Remarriage alone is not a sufficient reason to terminate support. *Rowley v. Rowley,* 232 Or 285, 289-90, 375 P2d 84 (1962). It is presumed that husband had in mind his obligation to his first wife when he assumed the obligations of his second marriage. *Walker v. Walker,* 30 Or App 317, 321, 566 P2d 1222 (1977). Husband argues that, after his business failure and bankruptcy, his present income is hardly sufficient to support himself and his new family. A party seeking to modify support has the burden of showing that the changed circumstances could not readily have been anticipated at the time of dissolution. *Mclean and Mclean,* 46 Or App 367, 369, 611 P2d 693 (1980). We agree with the trial court that husband was aware of his precarious financial condition when he stipulated to the decree. The trial court did not err when it denied husband's motion to eliminate spousal support.

The second assignment is that the trial court erred when it decided that 10 USC § 1408 authorized it to direct the Secretary of the Air Force to pay wife directly 50 percent of husband's retirement pay, to direct the parties to certify the validity of the modified decree of dissolution under 10 USC 1408(e)(3)(B), to order application of husband's retirement pay to retire spousal support accrued before the filing of wife's motion and to direct that husband not permit insurance premiums to be deducted from his retirement pay, although he was ordered to do so in the original decree.

At the time of the dissolution, *McCarty v. McCarty,* 453 US 210, 101 S Ct 2728, 69 L Ed 2d 589 (1981), had been decided. *McCarty* held that military retirement pay is not marital property subject to division on dissolution of a marriage. *See Smedley and Smedley,* 60 Or App 249, 653 P2d 267 (1982). In response to *McCarty,* Congress enacted 10 USC § 1408, effective February 1, 1983, which permits but does not require state courts to consider military retirement pay as marital property. 10 USC § 1408(c)(1). We have held that Oregon courts may treat military retirement pay as marital property. *See Wood and Wood,* 66 Or App 941, 676 P2d 338 (1984); *Wallace and Wallace,* 65 Or App 522, 671 P2d 711 (1983).

The trial court considered that, with respect to "the

method and mode of payment," the statute constituted a change in circumstances which warranted its modification of the decree. We disagree. The parties had stipulated to the amount and duration of spousal support before the effective date of the law. They agreed to $716.86 per month, because that was the amount husband was receiving as retirement pay at the time of dissolution. Passage of the statute did not affect husband's ability to pay support, because his pension was considered by the parties when they calculated and agreed to the monthly support. That the statute provides a new remedy for the collection of support does not constitute a substantial change of circumstances. *See Brown v. Brown, supra.*

■ ■　The question is whether the trial court had the authority, without a change of circumstances, to order the Secretary to make payments directly to wife from husband's retirement pay. A dissolution court has full equity powers. ORS 107.405. It may fashion an equitable decree which is responsive to the circumstances, and it is not confined strictly to the relief sought in the pleadings. *Jones and Jones,* 31 Or App 1171, 1174, 572 P2d 347 (1977); *see Grove and Grove,* 280 Or 341, 571 P2d 477 (1977). Husband failed to pay any support after the dissolution. We conclude that the so-called modification is permitted under the statute and is an appropriate equitable response to the circumstances.

■　The second part of this assignment of error concerns directing the parties to certify to the Secretary of the Air Force the validity of the modified decree of dissolution under 10 USC § 1408(e)(3)(B). That section applies only when the Secretary is served with "conflicting court orders." 10 USC § 1408(e)(3)(A). Because there are no conflicting orders in this case, the provision of the modified decree which requires certification should be eliminated.

Concerning part three of the assignment of error, wife concedes that it is impermissible to order that direct payments from husband's retirement pay be applied to accrued but unpaid obligations before the filing of her motion to modify. She also concedes that prohibiting the deduction of insurance premiums is erroneous. She also concedes husband's third assignment of error.

The modified decree is modified by deleting therefrom the following: the requirement that the parties certify to

the Secretary of the Air Force the validity of the modified decree under 10 USC § 1408(e)(3)(B); the requirement that directs payments from husband's retirement pay be applied to accrued but unpaid spousal support before the filing of wife's motion to modify; the prohibition of husband's deducting life insurance premiums from his retirement pay; the requirement that husband provide wife a survivor benefit plan annuity under 10 USC § 1447 *et seq* and the prohibition from applying for an annuity for any other person under the statute. Affirmed as modified. No costs to either party.