Argued December 22, 1927, affirmed January 17, 1928.

## R. W. GREENE v. HARRIET L. GREENE.

(262 Pac. 943.)

**Divorce—Requiring Father, Earning $200 Monthly, to Contribute $35 Monthly for Support of Thirteen Year Old Daughter in Divorced Mother's Custody, Held Proper.**

Where, after a husband had obtained a divorce from his wife, she petitioned, in accordance with the original decree, that the father be required to contribute to his child's support, *held,* that an order requiring the father, who was earning $150 a month in addition to $50 in stock in a corporation, to contribute $35 each month for the support of his thirteen year old daughter in the mother's custody, was proper.

Divorce, 19 C. J., p. 356, n. 32, p. 359, n. 65.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. M. B. Meacham.*

For respondent there was a brief and oral argument by *Mr. Gus C. Moser.*

COSHOW, J.—The parties were divorced May 31, 1916. It was decreed, among other things,

"that the defendant herein be, and she is hereby, given the permanent care, custody and control of the minor child of the parties hereto, Maxine Greene, with the right of visitation upon the part of the plaintiff; and it is further ordered, adjudged and decreed that if at any time in the future the defendant herein can establish to the satisfaction of the court that the plaintiff is financially able to contribute to the support of said child, this decree may be opened up for that purpose."

January 7, 1924, defendant filed her petition requiring the plaintiff to contribute $50 to the support of said minor child, Maxine. The court granted her petition to the extent of requiring plaintiff to pay $35 a month, beginning on the tenth day of February, 1924. Plaintiff appealed. It was practically conceded at the oral argument that the decree is just, but it was contended at the time that plaintiff was not able to contribute that amount and that he should not be required to pay anything prior to the present date.

We have carefully read and considered the evidence and believe it supports the order allowing defendant $35 for the support of the minor child. The order was entered February 4, 1924. At that time the minor was thirteen years old and in the tenth grade of the public schools. Between that date and the date of the decree, to wit, May 31, 1916, the mother had supported said child practically alone. Some little had been contributed in the way of gifts by the plaintiff but nothing had been regularly paid by him. The

amount granted by the court is not exorbitant. Plaintiff is earning $150 a month and in addition thereto $50 in stock in a corporation for which he is working. It is right and proper that he should contribute to the support of his offspring and especially since the child has attained an age when she requires more money to properly clothe, educate and support her. No sufficient reason has been advanced for modifying or reversing the order of the Circuit Court.

The order appealed from is affirmed.

                                              AFFIRMED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.