Argued February 5, affirmed February 24, 1960

# PERLEY *v.* PERLEY
### 349 P. 2d 663

*McDannell Brown,* Portland, argued the cause and filed a brief for appellant.

*Virgil Colombo,* Portland, argued the cause for respondent. With him on the brief was Byron Glade Birch, Portland.

Before McAllister, Chief Justice, and Lusk, Sloan and Duncan, Justices.

PER CURIAM.

On January 3, 1957, the court, in a contested case, awarded the plaintiff, Shirlee M. Perley, a decree of divorce from her husband, Willis F. Perley, and the custody of two minor children of the parties now aged respectively seven and five years. The decree granted the father visitation rights and further provided:

> "That said children may be permitted to leave the jurisdiction of the Court with plaintiff upon the petition of the plaintiff to this Court and upon reasonable and seasonable notice to the defendant, as may be fixed by the Court, and upon such conditions and under such terms as may be permitted by the Court passing upon the said petition of the plaintiff for such permission."

On February 3, 1959, the court, upon petition of the plaintiff and after notice to the defendant and a hearing at which both parties were represented by counsel, entered an order modifying the decree so as to authorize the plaintiff to remove the minor children to the state of Minnesota, subject to reasonable visitation rights of the defendant. From this order the defendant has appealed.

■■ We affirm. Absent a provision in the decree to the contrary, the plaintiff had the right to move to another state and take her children with her. *Levell v. Levell,* 183 Or 39, 45, 190 P2d 527; *Griffin v. Griffin,* 95 Or 78, 87, 187 P 598. It follows that the court could properly, as it did in this case, provide in its decree that such permission might be granted after due notice to the defendant. Unlike a case involving modification of an order awarding the custody of children, it was not necessary as a condition precedent to the making of the present order that a change in circumstances be shown.

■ The basis of plaintiff's application was that her mother, brother and sister lived in the St. Paul-Minneapolis area and had asked her to return home and assured her of help in establishing herself and finding employment there. The question was addressed to the sound discretion of the court, the paramount consideration being the welfare of the minor children. *Levell v. Levell,* supra, 183 Or at 44; *Edwards v. Edwards,* 191 Or 275, 280-281, 227 P2d 975; *Phillips v. Phillips,* 175 Or 14, 149 P2d 967. The judge who made the order was in much better position than this court to weigh the various factors which entered into the problem before him. He had heard not only the divorce case but as well subsequent disputes between the parties regarding visitation rights of the defendant and support money ordered to be paid by him. In view of these facts and the trial judge's vast experience in the field of domestic relations, it would take a much stronger showing than is made here to warrant an appellate court in interfering with the discretion exercised in the instant case.

Affirmed.