Argued May 3, reversed with instructions July 12, petition for
rehearing denied September 5, 1961

## HEMSTREET *v.* HEMSTREET

363 P. 2d 731

*William K. Shepherd*, Portland, argued the cause
and filed briefs for appellant.

*Robert C. Wall*, Portland, argued the cause for

respondent. With him on the brief were Reiter, Day & Anderson, Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

PER CURIAM.

On May 6, 1953, the plaintiff was granted a decree of divorce from the defendant. The decree approved a property settlement agreement of the parties, awarded to plaintiff custody of the three minor children of the parties, and provided that the defendant should pay a sum of $50 per month for the support and maintenance of each minor child. One child of the parties having attained adult status, the payment of $50 per month as to this child was eliminated from the order.

In March, 1959, the defendant filed a motion to modify the decree and grant to him the custody of the two minor children. This motion was denied.

On October 19, 1959, the plaintiff advised the defendant that she was taking the children and moving to San Jose, California, where her intended husband was in business and where she expected to find employment until such time as she remarried. On October 26, 1959, defendant obtained a temporary order restraining plaintiff from removing the children from the jurisdiction of the court and an order requiring the plaintiff to show cause why the restraining order should not be made permanent. The plaintiff took the children and moved to California, and it does not appear from the record that any action was taken relative to the permanent restraining order.

On November 17, 1959, defendant filed his motion asking that the support payments be reduced from $50 per month for each child to $10 per month. On De-

cember 7, 1959, plaintiff moved to have the support payments increased to $100 per month for each child. On January 26, 1960, the trial court entered its order modifying the decree to require the defendant to pay the sum of $25 per month for each child. From this decree the plaintiff has appealed.

The record discloses that the basis upon which the trial court entered its order modifying the decree was that plaintiff had in the past attempted to thwart the defendant's right to visit his children and was furthering her design in removing the children from the jurisdiction of the court without its permission.

There is no evidence in the record to show that the full contributions of $50 per month per child are not necessary for their support and maintenance. The question presented then is: May a trial court, solely on the basis of seeking to have its orders obeyed, reduce the amount of money ordered for the support of minor children?

■ The amount of support money to be paid rests in the discretion of the trial judge, but that discretion, while wide in scope, is judicial and must rest upon the physical and social requirements of the children and the ability of the party charged to pay. *Jackman v. Short*, 165 Or 626, 109 P2d 860, 133 ALR 887.

As stated for this court by Mr. Justice BRAND in the case of *Picker v. Vollenhover*, 206 Or 45, 70, 290 P2d 789:

"Each case depends upon its own facts as found by the court. Upon the issue of support we have considered the financial condition of the plaintiff; the age and capacity for education of the child; its health, necessity for medical attention, and the like. We have considered the costs of living; the earnings of the ex-husband; his capital assets; the amount of his income tax; his other financial obliga-

tions, and in general, his ability to pay. We have even held that in determining the amount of support money 'the needs of society and government, as well as the needs of the family, must be taken into consideration.' Many other circumstances have been considered relevant. On the other hand, where there was no testimony as to what was proper for the support of the child, we said, 'Under these circumstances we must leave the question of support for the child open.' See, Strickland v. Strickland, 183 Or 298, 303, 192 P2d 986; Jackman v. Short, 165 Or 626, 109 P2d 860; Greene v. Greene, 123 Or 608, 262 P 943; Steele v. Steele, 96 Or 630, 190 P 716; Taylor v. Taylor, 47 Or 47, 81 P 367; Udy v. Udy, 195 Or 156, 244 P2d 615."

A somewhat similar situation was presented in *Levell v. Levell*, 183 Or 39, 190 P2d 527. In that case the wife had been awarded the custody of the minor children and support money for the children in this state. Without permission of the court, she moved with the children to California and willfully obstructed the husband in his right to visit the children in California. There was no prohibition in the decree preventing her from taking the children beyond the jurisdiction of the Oregon courts, but, of course, her willful acts in denying the husband's right of visitation in California was in contempt of the Oregon decree. We stated, page 49:

"The defendant is entitled to visit his children at their home and at reasonable times, and to have the children with him at reasonable times in the city of Vallejo, without interference or obstruction by the plaintiff, and without the interference or the presence of the plaintiff's mother. If the welfare of the children does not require that the defendant continue with his contributions to their support, then, in view of plaintiff's conduct, the defendant should be relieved of that obligation."

■ In the matter now before us, the trial court did not entirely relieve the defendant of his obligation to pay support money for the children, but only reduced the payments to $25 per month per child. Nevertheless, from all that appears in this record, the mother is barely able to support herself and what support other than housing the children may receive will have to come from the defendant. So far as the needs of the children are concerned, they are the same as when the original order was entered. It appears to us, should we approve the modified decree of the trial court, we would be punishing the children for a contempt they did not commit.

Perhaps to reduce the contributions of the defendant toward the support of the children will, in a manner, place a greater burden upon the plaintiff to care for the children and thus punish her for her disobedience of the court's order, but it appears to us, in the absence of some showing that the plaintiff has the ability to financially meet this greater burden, our approval of the modified decree would be inflicting a punishment upon the children, who are innocent of any wrong.

The judgment is, therefore, reversed with instructions to set aside the decree of modification.

The plaintiff is awarded $400 as attorney's fees.