Argued November 4, affirmed November 30, 1966

## OUELLETTE *v.* OUELLETTE
420 P. 2d 631

*James F. Bodie,* Prineville, argued the cause and filed the brief for the appellant.

*Keith Rodman,* Eugene, argued the cause and filed the brief for the respondent.

Before PERRY, Presiding Justice, and SLOAN, O'CONNELL, HOLMAN and REDDING, Justices.

REDDING, J. (Pro Tempore).

This is a suit in which the plaintiff sought to have his former wife, the mother of his children, enjoined from misspelling and changing the children's surname and requiring her to inform school and church officials to correctly spell such name. After defendant had answered, upon plaintiff's motion the court entered a decree based upon the pleadings, granting to plaintiff the relief sought. Defendant appeals.

Plaintiff in his complaint alleges that he and defendant were married on April 21, 1950 and divorced on January 13, 1958; that three children were born of said marriage, David Charles Ouellette, 14 years of age; Kelly Jane Ouellette, 13 years of age; and Ann Delia Ouellette, 9 years of age. The complaint further states that pursuant to the divorce decree, defendant was given the care, custody and control of the children and plaintiff was granted reasonable rights of visitation; that ever since the date of the decree and at the present time defendant has had custody of said children.

Plaintiff complains that defendant has undertaken a deliberate course of changing the surname of the children from "Ouellette" to "O'Let"; that among other things she has informed school officials that they should make or alter school records in this fashion; that she has identified clothing and other personal effects with the said altered name; that the said conduct of the defendant has caused and continues to cause great emotional hardship and conflict to the said children. Plaintiff prayed for a decree as follows:

(1) Enjoining defendant from continuing to in any way spell the surname of the children with the letters "O'Let" or any other misspelling of the said surname,

or from in any way encouraging, counseling, authorizing or permitting or instructing the children, or any of them, or any third persons, from so doing.

(2) Ordering and requiring defendant to instruct and inform school officials having control over the children and church officials where the children might attend church, and any other persons who heretofore have carried or do carry the names of the children, or any of them, under the said erroneous spelling, to change all of their records and documents to the correct spelling, and to, in the future, use and employ at all times the said correct spelling.

The admissions of the answer establish the following:

(1) That plaintiff is the father of Ann, Kelly and David, and that defendant, their mother, has their custody.

(2) That defendant has informally changed her name from "Ouellette" to "O'Let".

(3) That defendant has caused the name of the children to be changed on the school records from "Ouellette" to "O'Let".

(4) That defendant has caused clothing and other personal effects of the children to be identified with the altered spelling.

Based upon this admitted state of facts, the trial court ruled that the plaintiff had established his right to the injunctive relief prayed for.

In *Mark v. Kahn,* 333 Mass 517, 131 NE2d 758, 53 ALR2d 908 (1956), Alfred J. Mark brought suit against Anna Kahn, his former wife, and her second husband to enjoin them from registering his children in school under the name of Kahn, or from representing that

their name was Kahn. No official change of name had been made; the mother merely sought to have the children adopt the name of her second husband. Defendant Anna Kahn, in a divorce proceeding between her and Mark, had been awarded custody of the two children of their marriage. The children, at the time of the suit in question, were 13 and 10 years of age. The court recognized that at common law a person could change his name at will without legal proceedings and that such proceedings were merely an aid to the establishment of a name change. The court, in discussing the applicable law, stated:

"* * * It does not follow that because one may adopt any name he may choose, so long as such change is not made for fraudulent purposes, *Merolevitz, petitioner,* 320 Mass. 448, a parent may select for a child a name different from that by which such child is known. *Kay v. Bell,* 95 Ohio App. 520, 525. It does not appear here that the plaintiff's children have ever consented to being called Kahn. However, in view of their ages their consent would not necessarily be decisive. Until they reach an age when they are capable of making an intelligent choice in the matter of their name they ought not to have another name foisted upon them which they may later reject. Prior to that time one in the plaintiff's position ought to have the right to be heard to prevent a change or use of a name different from that of their birth. The bond between a father and his children in circumstances like the present is tenuous at best and if their name is changed that bond may be weakened if not destroyed. We recognize that here the defendant may not have effected an actual change of the children's name but by registering them at school under the name of Kahn she has gone far in that direction. We perceive no insuperable difficulties in enforcing decrees granting injunctive relief in cases of this sort." (333 Mass at 521)

The law on the subject with which we are here concerned is well summarized as follows in an annotation entitled "Rights and remedies of parents inter se with respect to the names of their children", 53 ALR2d 914 at 915:

"The courts have generally recognized that the father, who is ordinarily the objecting party, has a protectible interest in having his child bear the parental surname in accordance with the usual custom, even though the mother may have been awarded custody of the child. So, a change of name will not be authorized against the father's objection, merely to save the mother and child minor inconvenience or embarrassment. However, where the child's substantial interests require a change of name, as where the father's misconduct has been such as to justify a forfeiture of his rights or where his name is positively deleterious to the child, the change may be permitted."

Where the father, as here, objects to a change in name and is guilty of no inattention to the child or other misconduct so serious as to make it for the best interest of such child that his name be allowed to be altered, then the court should refuse to permit such change and in a proper case should issue mandatory relief to "compel third parties to take positive steps to maintain the child's true name as against the directed change by the parent having custody." 53 ALR 2d 914, at 923, 924.

The defendant in her answer alleges no facts indicating that the use of the father's surname is contrary to the welfare of the children. The defendant's contention that here there is no change in name since only the spelling has been changed from "Ouellette" to "O'Let", which is preferred by the children, and

that the welfare of the children is furthered because the new spelling is more convenient, is too lacking in substance to warrant consideration.

The decree is affirmed.