Argued June 2, affirmed as modified July 15, 1971

WEST, *Respondent, v.* WEST, *Appellant.*
487 P2d 96

H. Jay Folberg, Legal Aid Service, Portland, for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and Fort*, Judges.

LANGTRY, J.

Defendant-father appeals from a divorce decree upon one point: the decree limited his visitation with a child of the marriage to one supervised hour per month, conditioned upon his paying $7.50 semi-monthly toward support.

The evidence discloses that the parties lived together for about two months after their marriage, whereupon the plaintiff separated from her husband because of his peculiar conduct. The child was born much later and the defendant had not seen the child, then two months old, at the time of trial on October 30, 1970.

---

* Fort, J., did not participate in this decision.

The defendant receives a disability welfare grant; plaintiff and the child were also supported by a welfare grant; in the six months preceding trial defendant was committed to the state mental hospital on three occasions for 30 days each through action initiated by his own relatives; he is a user of various drugs containing codeine; he has a criminal record and spent three and one-half years in prison. He has not worked or contributed to his family obligations. Questioning of the defendant by the judge revealed that he lives with his mother when he is not in the state hospital, and that he sometimes pays $60 of his $113 per month welfare grant to her, and buys some food. He owns and operates an automobile.

His answers to questions about use of the money from the welfare grant were evasive, but from them the inference can be drawn that his mother contributed substantially toward his support. The trial judge's reasoning in requiring the nominal support payments as a condition to visitation is contained in a memorandum letter in the file dated October 31, 1970. In it the judge states that the defendant's "absence of any investment in the marriage or his parenthood," makes the plaintiff's request for denial of visitations a sensible proposition. The court noted, however, the defendant's lack of resources and that he appears sincere in wanting contact with his child. The court alluded to the fact that the mother expects soon to be off welfare when she resumes her former employment at a bank. The court stated:

> "* * * The cost of bringing the child to a neutral place [for visitations] should not be borne by Mrs. West. The possibility of Mr. West's intoxication by codeine or other substances must be considered. The recognition that he has duties as

well as rights of fatherhood must be brought home to him."

The court included in the decree a provision, "More generous or restrictive visitations of said minor child can be arranged for after a trial period, on application of either party."

As a general proposition we agree with the defendant's contention:

"* * * The father has a prima facie right to visit the child and a statutory duty enforced by criminal sanctions to support him * * *." *Bartlett v. Bartlett,* 175 Or 215, 224, 152 P2d 402 (1944).

Right of visitation can not be made dependent upon payment of support for children, in part because other considerations having to do with the welfare of the children underlie the allowance of visitations with children by the parent not having custody. *Hemstreet v. Hemstreet,* 228 Or 88, 363 P2d 731 (1961); 2 Nelson, Divorce and Annulment 273, § 15.25 (2d ed 1961). Mental illness, moral misconduct or physical abuse, depending upon their manifestations or effect upon the children may constitute such extraordinary circumstances as to justify complete denial of visitation. The rationale of such denial, of course, is that it is for the child's best interests. The facts of each case must determine whether such extraordinary circumstances exist. Our examination of the record convinces us that extraordinary circumstances exist in the case at bar. See cases collected in Annotation, 88 ALR 2d 151 (1963).

The rule that visitation may not be conditioned upon payment of support or support may not be conditioned upon cooperation in allowing visits is invoked to prevent trial courts from punishing the recalcitrant

parent through the children. *Hemstreet v. Hemstreet,* supra; *Block v. Block,* 15 Wis 2d 291, 112 NW2d 923 (1961); 2 Nelson, Divorce and Annulment 274, § 15.26 (2d ed 1961).

■ We see reasons why the rule should not be applied in the instant case. The trial court did not seek to punish defendant for failure to support. The sum set was nominal, but certainly enough for the trouble and to pay plaintiff's costs for bringing the child to the place of the neutral visitation. It was set for the purpose of bringing home to the defendant a sense of responsibility for the child. It was imposed for an indefinite trial period, until plaintiff or defendant applied for a change. We think in the latter regard that the order should have been for a definite trial period.

The decree is affirmed, with the modification that a further hearing with reference to visitation shall be set by the trial court with proper notification to the parties within two months of the time mandate issues herein.

Affirmed as modified.