Argued June 16, affirmed as modified and remanded July 14, reconsideration denied August 20, petition for review denied September 23, 1975

WALBERG, *Respondent-Cross-Appellant, v.*
WALBERG (No. 34423), *Appellant.*

538 P2d 96

*Michael O. Whitty,* Coos Bay, argued the cause for appellant. With him on the brief were Walsh, Chandler, Walberg & Whitty, Coos Bay.

*Terence J. Hammons,* Eugene, argued the cause for respondent-cross-appellant. With him on the brief were Hammons, Phillips & Jensen, Eugene.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

## SCHWAB, C. J.

The parties were divorced in 1970 and shortly thereafter both remarried. The mother, now named Klessig, has custody of the parties' children—two girls both under ten years of age. The issue before us on appeal from an order entered subsequent to a hearing on a motion to modify the divorce decree is the correctness of that portion of the court's order which states:

> "* * * [D]efendant's [father's] motion for an order that the children use only the surname of Walberg is granted insofar as official records are concerned; however, whatever name the children use on a day to day basis shall be their own prerogative."

We interpret the court's order as a directive to the mother—not to the children.

The record indicates that while the mother has not told the girls that their name is legally Klessig or that they should use the name Klessig she has at the least not discouraged them from using their stepfather's name. The result has been that in many situations the children are referred to and refer to themselves by the surname of Klessig. The neutral position decreed by the trial court is perhaps realistic in that in the future the children are probably going to use the name they choose regardless of the preferences of others. Nevertheless, the court's order is not in accord with the holding of *Ouellette v. Ouellette,* 245 Or 138, 420 P2d 631 (1966). There, in a situation involving children older than those here involved, the Supreme Court held that in order to maintain the use of the children's proper surname by the children and

others, the mother having custody should be enjoined
"* * * from in any way encouraging, counseling, authorizing or *permitting* or instructing the children, or any of them, or any third persons * * * [to use other than their proper surname]." 245 Or at 140. (Emphasis supplied.)

Affirmed as modified and remanded for entry of an order in conformity with this opinion.