Argued December 16, 1976, affirmed as modified, no costs to either party
January 31, 1977

In the Matter of the Dissolution of the Marriage of
GARRISON, *Appellant,*
*and*
GARRISION, *Respondent.*
(No. 36742, CA 6795)
559 P2d 513

William E. Hurley, Portland, argued the cause and filed the brief for appellant.

Nina E. Johnson, Eugene, argued the cause for respondent. On the brief was Roy Dwyer, P.C., Eugene.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

This is an appeal by the husband from an order modifying a decree of dissolution by increasing the child support for two children from $100 to $225 per month per child. Husband contends that (1) no change of circumstances justifying the modification was shown, and (2) the court erred in refusing to condition child support upon the continued right to reasonable visitation.

The marriage of the parties was dissolved in 1972. The original decree of dissolution awarded custody of three of the four children to wife and required husband to pay $150 per month for the support of one of the children, $100 per month each for the support of the remaining two children and $400 per month spousal support. Wife was not working at the time of the original decree.

Subsequent to the dissolution, wife remarried and, as a consequence, her spousal support was eliminated. The wife's remarriage was subsequently annulled. In the interim between the dissolution decree and this proceeding, the child for which $150 per month child support had been awarded was emancipated and the wife took a job for which she is paid $2.70 per hour for between 30 to 40 hours per week.

A party who requests a modification of a provision of a decree relating to support must allege and prove a change of circumstances of one or the other of the parties sufficient to justify the modification requested. *Watson v. Watson,* 251 Or 65, 66-67, 444 P2d 476 (1968). To justify a modification of the decree, there must be a change of circumstances of a nature or degree beyond what was contemplated by the decree. *Delf and Delf,* 19 Or App 439, 528 P2d 96 (1974).

Wife relies on the increased costs of raising children and the husband's increased ability to pay support due to the discontinuation of his obligation to pay spousal support and, in the case of the emancipated

child, child support, as the change of circumstances sufficient to support her motion for modification.

■ The emancipation of a child is necessarily contemplated by the original decree and the increased costs of raising children due to inflation and maturity of the children is to some extent contemplated by the decree. To the extent that inflation and the increased needs of the children were not foreseen in the original decree in this case, a slight adjustment in the child support provisions might be justifiable, but these factors could not serve as a basis for a 125 percent increase in support payments. *See, Delf and Delf, supra.*

■ The original decree in this case provided spousal support for the wife of $400 per month indefinitely. While the loss of spousal support in ordinary circumstances due to remarriage or by a lapse of time set in the decree would not amount to a change of circumstance sufficient to justify modification of child support provisions, we think that, under the circumstances of this case, a cognizable change of circumstances has occurred.

Considering the totality of circumstances, wife's loss of spousal support, increased costs, the wife's emerging earning capacity and the annual income of the husband, an award of $175 per month seems to best accommodate the situation of the parties and the needs of the children. Accordingly the child support provisions are modified to provide for an increase in child support to $175 per month per child.

■ Husband has also requested that child support payments be conditioned upon visitation by a child who is apparently reluctant to visit with her father. Husband contends that the wife should make an affirmative effort to facilitate visitation. Neither party cited any authority in support of their respective positions on this point.

■ To the extent that the wife is responsible for the reluctance of the child to continue visitation with the

husband, the trial court was correct in noting that the appropriate remedy for violation of visitation rights is a contempt proceeding. To condition or reduce child support for the wife's violation of visitation rights in effect punishes the child for contumacious acts of the wife. *See, Levell v. Levell,* 183 Or 39, 190 P2d 527 (1948); *Hemstreet v. Hemstreet,* 228 Or 88, 363 P2d 731 (1961). *See also, Walberg v. Walberg,* 22 Or App 118, 538 P2d 96, Sup Ct *review denied* (1975).

Affirmed as modified. No costs to either party.