Argued and submitted December 3, 1980,
affirmed March 4, 1981

In the Matter of the Marriage of

SMITH,
*Respondent,*

*and*

SMITH,
*Petitioner.*

(No. D7609 12744, CA 16067, SC 27197)

624 P2d 114

John R. Faust, Portland, argued the cause for petitioner. With him on the briefs were Schwabe, Williamson, Wyatt, Moore & Roberts and Katherine H. O'Neil, Portland.

Robert K. Udziela, Portland, argued the brief. With him on the brief were Pozzi, Wilson, Atchison, Kahn & O'Leary and Ronald I. Gevurtz, Portland.

Before Denecke, Chief Justice, and Lent, Linde, Peterson, Justices, and Campbell, Justice Pro Tempore.

DENECKE, C. J.

## DENECKE, C. J.

This is another case concerning the custodial parent's right to move from Oregon with the children. The trial court denied the custodial parent, the mother in this case, that right. The Court of Appeals affirmed in a Per Curiam opinion consisting of the citation of *Meier and Meier,* 286 Or 437, 595 P2d 474 (1979). 47 Or App 109, 613 P2d 763 (1980). We granted the mother's petition for review and affirm.

The parties were married in 1966; their daughter is now 10 and their son almost 9. The parties were separated at the beginning of 1976 and the children have been with the mother ever since until August 1979 when the father had them pursuant to his visitation rights. The parties were divorced in January 1977 and custody was awarded to the mother. The mother did not work for six years after the first child was born and worked part time thereafter in advertising and printing. The father was first a teacher and then a school administrator. The children have lived all their lives in the Portland area. Two sets of grandparents and other relatives live in the Portland area. The father remarried in November 1978 and is now living in Portland. In August 1979 the mother remarried. She married an executive living in the Long Beach, California, area where he grew up. They have leased a large home in the Long Beach area.

In April 1979 the mother told the father she was going to move to California. The trial court believed the mother thought the father had agreed to the move; however, on August 28th, while the father had the children for his month's visitation, he filed a motion and asked for custody. The father was awarded temporary custody. The mother came from California for a hearing in October at which the trial court denied the father's motion for permanent custody, awarded custody to the mother if she resided in the Portland area, but ordered that if the mother moved from Portland, custody would be awarded the father. The mother returned to Portland and at least until December 1979, remained in Portland with the children. The record contains no information of events after that time.

The decision in this case partially depends upon an interpretation of two of our decisions. In *Perley v. Perley,* 220 Or 399, 349 P2d 663 (1960), the decree in a contested case provided that the mother was to have custody and she could take the children out of Oregon with permission of the court. Two years later the mother petitioned to take the children to Minnesota where she had family and could probably find employment; the trial court granted the petition and we affirmed. We stated that in considering the motion "the paramount consideration [is] the welfare of the minor children." 220 Or at 401.

Recently, in *Meier and Meier, supra,* 286 Or 437, the same basic question arose in a different context. The parties had entered into an agreement providing that the wife should have custody and she would not change the residence of the minor child without prior order of the court. The provision was incorporated in the decree. About three years later the wife petitioned for permission to move with the child to the Province of Ontario, Canada, her former home, where she could secure better employment. The trial court denied the mother's petition, finding that there was no evidence that it was in the best interest of the child to move. We affirmed. We began our reasoning with the observation that the parties had agreed that the court would determine whether the child could be moved. This probably was in response to a statement in the Court of Appeals' opinion in *Meier and Meier,* 36 Or App 685, 690, 585 P2d 713 (1978), that, logically, the custodial parent should have the authority to make parental decisions such as where the child should live.

In *Perley v. Perley, supra,* 220 Or at 401, we stated, "Absent a provision in the decree to the contrary, the plaintiff had the right to move to another state and take her children with her." Based upon this statement and the observation made in *Meier and Meier,* that the parties agreed that the court would determine whether the child could be moved, the mother contends that inasmuch as there was no provision in the decree in this case that the child could not be moved, she had a right to move with her child.

■    The mother's interpretation of the above-quoted statement from *Perley,* to mean that absent a provision in

the decree to the contrary the party having custody can move the children is too broad. ORS 107.137(1) provides that in determining custody the court shall give primary consideration to the best interests of the child. If a party protests moving a child from Oregon, regardless of whether the decree is silent on the subject of moving the child from Oregon, the court must determine whether the move is in the best interests of the child.

■ ■   We are of the opinion that the father is correct in his contention that the presence of such a provision only affects procedure. If there is a provision prohibiting removal from the state without prior approval of the court, the custodial party must obtain court approval before moving or risk being held in contempt for violating the decree. If there is no such provision in the decree, the custodial party can move the child without being in contempt; however, if another party contests the removal, that party can petition the court to determine whether the move is in the best interests of the child. The power of the court to make the determination whether a move from Oregon is in the best interests of the child cannot be divested from the court merely by the parties not requesting or not agreeing upon a provision in the decree requiring that the court make that determination.

In view of our determination that the absence of a provision in the decree concerning removal of the children from Oregon is not controlling, this case is in the same posture as *Meier and Meier, supra,* 286 Or 437. The question is, what is in the best interests of the children?

The trial court found the best interests of the children would be served by staying in Oregon, either with their mother, or, if she moved to California, with their father. The court found that the mother "has done an excellent job with the children" and "The children right now appear to be doing well with their father and stepmother." The trial court was skeptical of moving the children because it did not believe the children could "tolerate the disruption" well.

A clinical psychologist specializing in children was called as a witness by the father. In response to a hypothetical question, he answered, "I would be overwhelmingly in

favor of maintaining the situation and not having them move." Rebutting this opinion is the fact that the children had only been with their father for about two months before the hearing.

■■ Regardless of the scope of judicial review of this court, when we hear a case upon petition for review from the Court of Appeals we regard the decision of the trial court on the issue of what is in the best interests of the child as highly persuasive. *Meier and Meier, supra,* 286 Or at 446 and footnote 4, page 448. We, therefore, affirm the decision of the Court of Appeals.

No costs or attorney fees to either party.