Argued and submitted March 11, reversed and remanded for
entry of an order consistent herewith April 27, 1981

In the Matter of the Marriage of

MARTINIS,
*Respondent,*
*and*
MARTINIS,
*Appellant.*

(No. D11-521, CA 19071)

627 P2d 504

David J. Sweeney, Portland, argued the cause for appellant. With him on the brief was Miles Sweeney, and Gilbertson, Brownstein, Sweeney, Kerr & Grim, Portland.

Patrick J. Furrer, Tigard, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

Wife appeals from that part of a modification order which restrains her from removing her child from the state for more than 30 thirty days and provides, if she so moves, for "* * * an immediate order changing custody from * * *" wife to husband. We reverse.

The parties were married in 1975; their one child, a daughter, is now almost five. The marriage was dissolved in February, 1978, and custody was awarded to wife. The original decree did not restrict wife from leaving Oregon but did provide that, "[I]n the event respondent intends to move her residence more than fifty (50) miles from the city of Portland, she shall provide petitioner with thirty (30) days written notice in advance of said move."

In July, 1980, wife notified husband that she planned to move to Connecticut on September 1, 1980. In August husband filed a motion to modify the decree of dissolution seeking to change custody of the child from wife to husband or in the alternative a temporary order restraining wife from removing the child from Oregon. Wife countered by filing a motion in opposition and requested increased child support and her reasonable attorney's fees.

After hearing both motions, the trial judge entered an order granting both motions in part. It provided:

"1. * * * the minor child of the parties, * * * shall not be taken from the State of Oregon, and if the respondent does move, changing her residence to another state, then custody of the child shall change from the Respondent to the Petitioner. As long as the respondent remains within the jurisdiction of this Court, she shall continue to have custody of the minor child of the parties until further order of the Court. *Any continuous absence* outside the State of Oregon in excess of thirty days will be considered to be and presumed to be an intention of change of residence and violative of the terms of the Order and *the basis for an immediate order changing custody from Respondent to Petitioner.*" (Emphasis added.)

In addition, the order awarded an increase in child support and attorney's fees.

Wife argues on appeal (1) that where the original decree merely requires wife to notify husband of her intention to move, the court may not modify the decree by inserting a self-executing provision requiring an automatic change of custody if the wife moves outside the state and (2) that husband failed to carry the burden of proof that the best interests of the child required such a decree in this case.

The trial judge found that a move to Connecticut was not in the best interests of the child because wife had not yet made a formal commitment to marry her fiance, had not had personal contact with him for nine months, no evidence was presented of the fiance's love for the child, the grandparents of the child are in this area and the child could have a continuing relationship with the father by remaining here. The judge concluded "* * * so, for all of those reasons, I believe that it is in the best interests of the child to remain in this area, or *at least under these (sic) set of circumstances.*" We regard the trial judge's decision to prevent the move on the facts then before him as highly persuasive. *Smith and Smith,* 290 Or 567, 624 P2d 114 (1981). His decision should not lightly be disturbed by a court on appeal. *Meier and Meier,* 286 Or 437, 595 P2d 474 (1979); *Perley v. Perley,* 220 Or 399, 349 P2d 663 (1960).

We agree with the trial court that under the *present* set of circumstances, a move to Connecticut is not in the best interests of the child. However, the court erred when it adopted the self-executing decree provision allowing an automatic change of custody if the wife moves from the jurisdiction *at any time.* In *Smith and Smith, supra,* the Oregon Supreme Court stated:

"ORS 107.131(1) provides that in determining custody the court shall give primary consideration to the best interests of the child. If the party protests moving a child from Oregon, regardless of whether the decree is silent on the subject of moving the child from Oregon, the court must determine whether the move is in the best interests of the child * * *. If there is no [provision prohibiting removal from the state without prior approval of the court] in the decree, the custodial party can move the child without being in contempt; however, if another party contests the removal, that party can petition the court to

determine whether the move is in the best interests of the child. The power of the court to make the determination whether a move from Oregon is in the best interests of the child cannot be divested from the court merely by the parties not requesting or not agreeing upon a provision in the decree requiring that the court make that determination." 290 Or at 571.

In our view, *Smith* permits the court to inquire as to whether a move is in the best interests of the child each time a removal is contemplated and contested. The court's order here improperly allows an automatic change of custody in the future without any additional judicial inquiry. The most the trial court could do in this case in light of the evidence was to issue an order restraining wife from presently taking the child to Connecticut. The award of increased child support and reasonable attorney's fees is affirmed.

Reversed and remanded for entry of an order consistent herewith. No costs to either party.