Argued and submitted July 26, affirmed as modified September 25, 1985

In the Matter of the Marriage of

**BOONE,**
*Respondent,*

*and*

**BOONE,**
*Appellant.*

(80-1207; CA A34653)

706 P2d 205

David A. Dorsey, Coos Bay, argued the cause for appellant. With him on the brief was Bedingfield, Joelson, Gould, Wilgers and Dorsey, P.C., Coos Bay.

Robert E. Brasch, North Bend, argued the cause for respondent. With him on the brief were Dennis V. Messoline, and Brasch & Messoline, North Bend.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this modification proceeding, father sought a change of custody. The original dissolution decree, entered in 1980, granted mother custody of the parties' two minor children, ages 7 and 8. Father subsequently sought temporary custody after learning of mother's plans to take the children to Japan for three years with her new husband, who is on military assignment there, beginning January 1, 1985. The decree contained no provision with respect to the custodial parent's right to remove the children from Oregon but, by stipulated order, mother was required to give 30-days notice to father of any move. She complied with the requirement.

Mother has stated that she and her husband intend to return to Oregon after the Japan assignment; she also stated that she would not move to Japan if it meant losing custody of the children. She appeals from the trial court's order granting each parent exclusive custody every other calendar year and granting the noncustodial parent visitation at Christmas. Pursuant to the order, mother had legal custody beginning January 1, 1985, until August 15, 1985, at which time the children were scheduled to return to Oregon to begin a one-year stay with their father. This plan would continue at least until July, 1988, subject to modification as necessitated by the stepfather's duty assignments.

In our *de novo* review, we give primary consideration to the best interests of the children. ORS 107.137(1); *Smith v. Smith,* 290 Or 567, 624 P2d 114 (1981). The trial court's decision should not lightly be disturbed. *Meier and Meier,* 286 Or 437, 595 P2d 474 (1979). No claim is made that mother is not a fit parent or that the living environment on the military base in Japan would be harmful to the children. Indeed, it is implicit in the trial court's decision that it is consistent with their best interests to go to Japan. Father concedes that his only reason for seeking custody is that the move will take the children far from friends and relatives. He is willing to surrender custody if and when mother returns to Oregon.

The trial judge was called on to decide whether it would be in the children's best interests to move to Japan or to stay in Oregon; the choice was a difficult one, and agonizing for the trial judge, for both parents are fit and loving. Either choice would significantly reduce one parent's visitation. In

an effort to give both parents equal time with the children, he devised the alternating custody plan. He chose to make the plan unconditional and required that it take effect whether or not mother moved to Japan.

The court expressed two concerns. First, by giving mother the option of retaining custody if she remained in Oregon, it may appear to the children that father was forcing mother to choose between the children and her new husband. No evidence supports that concern. Second, the court was concerned that the shuttling of the children between Oregon and Japan for frequent visits would be harmful to them. Because of the concerns, the judge chose alternating custody rather than custody in one parent with extended visitations.

■       In our view, of all the options available, the trial court's plan provides the least security for the children. A year-by-year change in custody would be disruptive, rather than beneficial, *see Bohn v. Bohn,* 43 Or App 561, 603 P2d 781 (1979), and would not achieve the stability which motivated father to seek a modification. We see no reason to disrupt the original custodial arrangement; changing the visitation is sufficient. The children's distance from father in their new home is not the exclusive factor to be considered. *See Gautier and Gautier,* 58 Or App 510, 648 P2d 1308 (1982). We conclude that it is in the best interests of the children for mother to retain custody and for father to have extended visitations in Oregon during the traditional school vacation periods, specifically two months every summer, two weeks at Christmas in odd-numbered years and eight days during spring vacation in even-numbered years. Father is also granted reasonable visitation in Japan when he is able to be there.

■       Mother assigns error to the trial court's order requiring her to pay the entire transportation expense of the children between Japan and Oregon. Although the children might be entitled to reduced fares on military flights, we agree that the expense should be borne equally by the parties.

■       Mother finally claims that the trial court erred in excusing father from his obligation to pay child support while the children are with him during the summer visitation period. We are satisfied that the trial court did not err in this regard.

Order modified to provide for continuing legal custody in mother, with visitation by father during traditional vacation times, including two months each summer, two weeks each Christmas in odd-numbered years and eight days during spring vacation in even-numbered years and reasonable visitation for father in Japan when he is able; both parties are to share the children's visitation travel expenses. Affirmed as modified; and remanded for the determination of specific dates for the implementation of the visitation schedule. Costs to mother.