Argued and submitted November 17, 1986, order modified to delete paragraph 2; affirmed as modified May 6, reconsideration denied July 10, petition for review denied August 4, 1987 (303 Or 700)

# AYLSWORTH,
## nka Greene,
*Appellant,*

*v.*

# ADAMS,
*Respondent.*

## (F980; CA A38665)

736 P2d 225

Philip A. Lewis, Portland, argued the cause and filed the brief for appellant.

Marcy Leskella, Aloha, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Mother appeals an order that modified a judgment in a filiation proceeding. We review *de novo,* modify the order and affirm as modified.

On September 4, 1981, mother gave birth to a child out of wedlock. The child's birth certificate lists mother's maiden name, Aylsworth, as his last name. In April, 1983, mother married Stephen Greene and began using her husband's last name for herself and the child. In June, 1983, she instituted a filiation proceeding against father, which he contested. Paternity was established by summary judgment in October, 1984.

Because of an employment opportunity, mother, her husband, and the child moved from Oregon to Alaska in November, 1984. In February, 1985, the court entered a judgment that gave mother custody of the child subject to father's rights of reasonable visitation and ordered father to pay $250 per month child support. Father did not pay support, and in May, 1985, mother obtained a court order requiring his employer to withhold child support from his wages.

In August, 1985, father moved to modify the judgment to establish a visitation schedule, to require mother to change the child's last name to father's and to reduce child support. The court ordered:

"1.   [Father's] Motion to reduce his monthly support obligation is denied;

"2.   [Mother] is required to use the last name of 'Adams' for the child, * * * and * * * is enjoined from using or permitting third parties to use the name of * * * Greene;

"3.   [Father] is entitled to visitation with the child * * * for four weeks during the summer, beginning with the summer of 1986. Such visitation shall occur in Oregon; commercial transportation expenses, if any, shall be shared equally by the parties. [Father] shall not be required to pay child support during the annual visitation period;

"4.   Prior to the time the summer 1986 visitation takes place, [Father] shall visit with the child in Alaska for a period of 5-10 days. Said visit shall be unsupervised and may be overnight for the second half of the visitation period. [Father] shall bear the expense of this initial visit."

Mother argues that paragraph 2 of the order is not in the best interests of the child.[1] We agree.

■■    Mother is the custodial parent. She uses the name Greene for herself. At the time of the hearing, both she and the child had been using the name for almost two years. That is the only last name for his mother and himself of which the child has been aware. The child and Greene are close and relate to each other as father and son. Father, on the other hand, has seen the child on only one occasion, when the child was one-year old. He made no attempt to contact the child after his paternity was established. Contrary to father's assertion, his obligation to support the child does not mean that the child should bear his name. The relevant inquiry is the child's best interests. *See Gleason v. Michlitsch,* 82 Or App 688, 728 P2d 965 (1986).[2] The court's order is modified to delete paragraph 2.

■    Mother's next assignment of error concerns visitation. She acknowledges that father has a right to visitation but argues that the schedule that the court has set is not in the child's best interests because of the distance between Alaska and Oregon, the child's age, his allergies and his lack of a prior relationship with father. She argues that the visitation schedule should provide for several short introductory visits in Alaska, followed by two one-week periods each year in Oregon until the child and father have "bonded," at which time the visitation periods in Oregon could be lengthened.

Mother does not contend, and there is no indication in this record, that father will not care properly for the child. Although the child has allergies to certain household items,

---

[1] Mother also assigns as error that the court denied her request that the court decline jurisdiction in favor of Alaska. Her assignment is without merit.

[2] Father argues that mother acted improperly in giving the child the name "Greene" without notice to him. He relies on ORS 33.420(2):

"Before decreeing a change of name in the case of a minor child the court shall require that, in addition to the notice required under subsection (1) of this section, written notice be given to the parents of the child, both custodial and non-custodial, and to any legal guardian of the child."

At the time when she began using the name for the child, father's paternity had not been established and he had no right to notice of the name change under the statute or otherwise. Nothing prevented mother from informally changing the child's last name to Greene when she did so. *See Ouelette v. Ouelette,* 245 Or 138, 420 P2d 631 (1966).

mother acknowledged that the allergies do not prevent other people from caring for him. Several introductory visits to Alaska at father's expense would be a financial hardship for him. Given the geographic distance between the child's and father's residences, we do not agree that a one-month visitation period each summer is inappropriate. *See Boone and Boone,* 75 Or App 413, 706 P2d 205 (1985).

Order modified to delete paragraph 2; affirmed as modified.