Submitted on record and brief October 30, 1989, affirmed as modified
January 31, 1990

SLEIGHT,
*Appellant,*
*and*

CAZONE,
*Respondent.*

(87-09-9551; CA A60028)

786 P2d 202

Stephen P. Riedlinger and Helm, Baum & Reidlinger, La Grande, filed the brief for appellant.

No appearance for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Mother, the custodial parent, appeals from a modification of a child custody judgment. The order continues custody in mother but prohibits her from moving with the child outside Wallowa County unless she first obtains regular full-time employment with a prison in Baker or Pendleton, Oregon or Walla Walla, Washington. Reviewing *de novo,* we modify the order to remove those geographic and employment restrictions and otherwise affirm.

Mother and father are the unmarried parents of a son, born in January, 1985. In February, 1988, after the couple separated, the trial court awarded mother custody, ordered father to make child support payments and provided him with a visitation schedule. As a condition of continued custody, the court required mother to reside with the child in Wallowa County.[1] If mother desired to move out of Wallowa County, the court required her to show first that a move would "have no adverse affect [*sic*] on the child."

In October, 1988, mother, acting *pro se,* petitioned the court to allow her to move from Wallowa County to obtain a better job. She submitted three proposed visitation schedules, each corresponding to a distinct area where mother was looking for employment. A hearing was held in December, 1988. Mother's expert witness, a psychologist, testified that a move from Wallowa County, even to the Willamette Valley, would have no detrimental effect on the child. His testimony was uncontroverted.

At the time of the hearing, mother was employed as a charge nurse at a local hospital. She informed the court that, although she was currently interviewing for jobs with the state corrections system, she did not want to be limited to such employment. She also stated that she did not want to be limited to northeastern Oregon, but wanted the option of moving to the Willamette Valley, if she found work there.

The court refused to entertain mother's request to move to the Willamette Valley, because it would "radically"

---

[1] The only justification supporting this restriction in the record before us is what the court cryptically refers to as the child's "ties" to Wallowa County.

disrupt weekend visitation rights of father. Indeed, that concern appears to be the sole reason given at the hearing for denying mother the right to move outside a three county area. The court gave no reason at the hearing for restricting her to employment with the corrections system.

In February, 1989, the court modified its original judgment. The conclusions of law stated:

"1.   The Petitioner has complied with paragraph 4 of the original Decree dated February 24, 1988, and has provided proof of no adverse effect on the child moving from Wallowa County.

"2.   The Petitioner shall not be allowed, however, to move from Wallowa County unless the Petitioner has regular full-time employment in the corrections arena with a prison located either in Baker, Pendleton or Walla Walla, Washington, and the Petitioner is therefore entitled to live in Baker County, Union County or Umatilla County upon obtaining full-time employment with a prison in the general field of corrections.

"The original Decree shall remain in full force and effect except as herein specifically modified based upon the findings set forth above."

Mother argues that the court erred by imposing those restrictions on her places of residence and type of employment.[2] We agree.

■■    When appropriate circumstances exist, a court may impose geographic restrictions on the domicile of a custodial parent if the restrictions are in the best interests of the child. *Meier and Meier,* 286 Or 437, 445, 595 P2d 474 (1979); *see* ORS 107.159. Although the decision of the trial court on the issue of what is in the child's best interests is "highly persuasive," *Smith and Smith,* 290 Or 567, 572, 624 P2d 114 (1981), it does not bind an appellate court exercising *de novo* review. *See Gautier and Gautier,* 58 Or App 510, 648 P2d 1308, *rev den* 293 Or 653 (1982). Our duty is to examine the evidence in the record and reach our own conclusions as to what is in the best interests of the child.

■■    Proximity of the child to the noncustodial, regularly visiting parent is but one, albeit important, factor to consider

---

[2] Father made no appearance on appeal.

in determining what is in the child's best interests. *Gautier and Gautier, supra,* 58 Or App at 515. In *Gautier,* we held that the trial court gave too much importance to the visitation opportunities of the noncustodial parent to the exclusion of other relevant factors. The trial court in this case also gave undue emphasis to the proximity of the noncustodial parent and the child for visitations. If maintenance of undisturbed visitation alone were controlling, no custodial parent would be allowed to move away over the objection of the noncustodial parent. Every move of significant distance necessarily disrupts the visitation *status quo.* Nevertheless, moving can be in a child's best interests despite changes, even radical ones, in visitation. *See, e.g., Perley v. Perley,* 220 Or 399, 401, 349 P2d 663 (1960). There is no evidence in this record to show that the geographic restriction on mother's proposed domicile is in the child's best interests.

■     We also can find nothing in the record to support the court's order restricting mother to employment with the state corrections system. There might be cases when restrictions on a custodial parent's choice of vocation might protect the best interests of a child, but this is not one of them. The restriction on mother's employment is unwarranted.

We modify the order to remove the restrictions in paragraph two regarding the geographical area to which mother may move and the type of employment she may accept. If mother decides to move outside the three county area, the issue of visitation may require further review by the trial court.

Order modified to eliminate geographic and employment restrictions on mother; affirmed as modified. Costs to mother.