Submitted on record and briefs November 1, 1990, affirmed as modified
February 6, reconsideration allowed by opinion September 4, 1991
See 108 Or App 613 (1991)

In the Matter of the Marriage of

Gabriel Lucas URI,
*Appellant,*
*and*

Madonna URI,
*Respondent.*

(89-1124-D-1; CA A62838)

805 P2d 136

Loren L. Heuertz, Rogue River, filed the brief for appellant.

Claudette L. Yost, Medford, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Father appeals from a dissolution judgment that awarded custody of the parties' children to mother and changed the children's last names. During the marriage, father and mother were ministers of Te Ta Ma Truth Foundation, Family of URI, and lived with other members. Mother and the children have left the organization, but father has remained.

Father contends that the trial court erred in depriving him of his "constitutional right to a fair trial before an impartial decision maker" and in denying his motion for a new trial made on the ground of alleged judicial bias. He cites several examples of the court's conduct that he claims in the aggregate show bias against him, including: (1) questioning why father needed to call as a witness a child from the organization; (2) commenting on the poor medical care that the child had received; (3) instructing father's witness to answer a question; and (4) expressing impatience at the cumulative nature of the evidence that father presented. Father did not object at trial, but he claimed in his motion for a new trial that he was inhibited from putting on a complete case.

ORCP 64B(1), made applicable by ORCP 64C, states as grounds for a new trial:

"Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having fair trial."

To entitle a party to a new trial, the irregularity must materially affect the substantial rights of the moving party. ORCP 64B.

■ Even assuming that judicial bias is a ground for a new trial under ORCP 64B(1), we find no evidence of partiality or bias.

"A judge formulates opinions as to the strength of a case as he hears the witnesses and views the evidence, and the fact that he informs counsel of the status of his opinion at a given stage of the proceedings does not indicate prejudgment." *State ex rel Juv. Dept. v. Hayworth,* 35 Or App 161, 166, 581 P2d 100, *rev den* 284 Or 235 (1978).

The trial court's comments were reasonable responses to the evidence and how it was presented.

██      Father also contends that the trial court erred in changing the children's name from URI to Cash, which was father's original name. Before their marriage, father and mother had legally changed their names to URI,[1] as did several other members of the religious organization. The trial court stated:

> "All of these people sincerely believe that they have the choice, but I think that is a fictitious belief. They don't have the choice. They have only one choice in anything that Grace and James [the leaders of the Family of URI] are interested in, and that choice is to agree with Grace and James. So I do not find that these children's names were changed from their real name, Cash, to this name URI. So the children's name is Cash, and the decree may determine their name to be Cash."

The trial court erred in reexamining the legal efficacy of the parents' original name change.

No statute addresses name changes for children in a dissolution proceeding. *See* ORS 107.105(1)(h). The Supreme Court, however, has said:

> "So, a change of name will not be authorized against the father's objection, merely to save the mother and child minor inconvenience or embarrassment. However, where the child's substantial interests require a change of name, as where the father's misconduct has been such as to justify a forfeiture of his rights or where his name is positively deleterious to the child, the change may be permitted." *Ouellette v. Ouellette,* 245 Or 138, 142, 420 P2d 631 (1966) (*quoting Annot.,* 53 ALR2d 914 (1957)).

*See also Walberg v. Walberg,* 22 Or App 118, 538 P2d 96, *rev den* (1975). Mother presented no evidence that the children's substantial interests require that their names be changed. Therefore, the trial court erred in changing their names.

Father's other assignments of error lack merit.

Judgment modified to delete children's name change; affirmed as modified. No costs to either party.

---

[1] Father had adopted mother's oldest child, Elisheba, who was born of an earlier marriage. Her name was changed to URI at the same time as mother's. The other children were born after the parents' name change.