On respondent's petition for reconsideration filed March 13 and on appellant's petition for reconsideration filed April 24; reconsideration allowed on respondent's petition; former opinion (105 Or App 442, 805 P2d 136) modified and adhered to as modified; appellant's petition for reconsideration denied September 4, appellant's petition for reconsideration filed on opinion on reconsideration denied November 27, petition for review denied December 17, 1991 (312 Or 528)

In the Matter of the Marriage of

Gabriel Lucas URI,
*Appellant,*

*and*

Madonna URI,
*Respondent.*

(89-1124-D-1; CA A62838)

816 P2d 708

Claudette L. Yost, Medford, for respondent's petition.

Don W. Leach, Canyonville, for appellant's petition.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Warren, P. J., dissenting.

**RIGGS, J.**

Mother has filed a petition for review, which we treat as a petition for reconsideration. ORAP 9.15. It is granted. In *URI and URI,* 105 Or App 442, 805 P2d 136 (1991), we modified the trial court's judgment to delete the children's name change. We modify our former decision to affirm the trial court's change of the children's name.

Mother presented evidence that changing the children's surname from Te Ta Ma Truth Foundation's group name of URI to the parental surname of Cash would be in their best interests. Mother's witness, a counselor with extensive experience with cult organizations, testified that the Te Ta Ma Truth Foundation has the characteristics of a destructive cult organization and that the unitary name change is one of the techniques used by such groups to deprive individuals of their personal identity and characteristics, to break down their existing family relationships and to control the thought and movement of cult members. Mother testified that the children were treated as belonging to the group as a whole and were not allowed to have individual parent-child relationships with her or father. We find that the children and other members have been isolated from the rest of the world and have been psychologically manipulated and controlled. Changing the children's surname to Cash, which is their father's original surname and the name that their mother now uses, will allow them to have the same surname as their custodial parent and will help them to re-establish connections with immediate and extended family members. It will also allow them to normalize their lives and to avoid any stigma that might attach to the URI group name.

Reconsideration allowed on respondent's petition; former opinion modified to allow the change of children's surname from URI to Cash and adhered to as modified; appellant's petition for reconsideration denied. No costs allowed.

**WARREN, P. J.,** dissenting.

I dissent, because mother did not meet her burden of proving that the children's names should be changed. I would deny both petitions.

Mother, as proponent of the name change, had the burden of proof here. OEC 305. She presented no evidence that keeping the father's name would be harmful to the children or that they would be significantly better off with the mother's name.[1] The majority charges off as a White Knight to rescue mother from her failure to meet her burden of proof. As the majority points out, mother put an expert on the stand who testified to several characteristics of father's religious organization that made it a poor environment for raising the children. One such characteristic is the loss of individuality, achieved in part by changing all the members' names to URI. The upshot of the expert's testimony was that it would be in the best interests of the children if mother, who had left the organization, received custody of the children. Arguably, mother could have asked the expert what effect retaining father's name would have on the children, but she did not. Undeterred, the majority qualifies itself as an expert and answers the questions itself. It assumes, without evidentiary support, that, because the organization was not a positive living environment for the children, the children will be harmed by retaining their father's name, which is associated with the organization. We should not make assumptions that are so laden with value judgments.

The majority's other reasons are equally unsupported by the record. It says that the name change will "help them to reestablish connections with immediate and extended family members." 108 Or App at 615. There is no evidence in the record that a name change would help reintegrate the children into the family. The majority also says that the change would "allow them to normalize their lives and to avoid any stigma" attached to the name URI. 108 Or App at 615. There is no evidence that the children are suffering any stigma from the name. Mother has custody of the children. She has left the organization and moved to Florida. There is no evidence that the influence of the organization will affect their lives. Mother had the opportunity at trial to put on evidence of the effect of the name URI on the children. She did not, and it is not our role to create that evidence for her.

I dissent.

---

[1] Mother seeks to change their name to father's original surname, Cash. She has adopted that name now, and father's legal name is URI.