Argued and submitted September 20, reversed and remanded with instructions on appeal; affirmed on cross-appeal November 8, 1995, petition for review denied March 6, 1996 (322 Or 644)

In the Matter of the Marriage of

Vicki Ann DUCKETT,
nka Vicki Ann Stake,
*Appellant - Cross-Respondent,*

*and*

Terry Jay DUCKETT,
*Respondent - Cross-Appellant.*

(D091-0701; CA A85996)

905 P2d 1170

Ronald W. Stone argued the cause for appellant - cross-respondent. With him on the briefs was Haugeberg, Rueter, Stone, Gowell & Fredricks, P.C.

Jerry B. Hart argued the cause for respondent - cross-appellant. With him on the brief was Craig, Brand, Lake & Hart.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Mother appeals an order modifying a dissolution judgment, which terminates joint custody and awards sole custody of the parties' daughter to father, terminates father's child support obligation and requires mother to pay child support. Father cross-appeals the trial court's failure to award him attorney fees. On *de novo* review, ORS 19.125(3), we reverse on the appeal and affirm on the cross-appeal.

The dissolution judgment was entered in 1992. It provided for joint custody, with mother as the primary custodial parent.[1] In 1993, mother remarried and planned to move from Oregon to Kansas City with her new husband, who had accepted a job there. Father filed this modification action to prevent mother from changing the child's residence, or, in the alternative, to terminate joint custody and award sole custody to him. Mother responded, opposing any geographical restrictions on her contemplated move. She also sought sole custody. The trial court awarded father sole custody.

There is no dispute that both parents are loving and capable and that mother is the primary parent. Further, there is no claim that the move and resulting change of environment would be detrimental to the child. Rather, father concedes that his only reason for seeking custody is that mother's move will "tremendously reduc[e]" the time he can spend with his daughter and that it will take the child far from friends and relatives. There is evidence in the record that, by moving away, mother sought to interfere with father's relationship with the child. However, mother denies that is her motive, and there is evidence in the record to support her position. The trial court found that mother's primary motivation was to start a new family and not to disrupt father's relationship with his daughter. The most persuasive evidence supports that conclusion and we agree with it.

---

[1] Mother argues that the dissolution judgment awarded "joint custody" in name only. However, the dissolution judgment specifically provided that the parties would have joint custody. By statute, an award of "joint custody" means "an arrangement by which parents share rights and responsibilities for major decisions concerning the child, including, but not limited to, the child's residence, education, health care and religious training." ORS 107.169(1).

The trial court awarded custody of the child to father *"based on the great weight placed * * * on the maintenance of a high level of contact with both parents * * *."* (Emphasis supplied.) The trial court also decided that an order prohibiting mother from moving out of state with the child is not justified.

■        On *de novo* review, we give primary consideration to the best interests of the child. ORS 107.137(1). In this case, we conclude that maintaining the stability of the primary parental relationship is the overriding consideration. *See Brink and Brink*, 75 Or App 665, 706 P2d 1015, *rev den* 300 Or 451 (1985). Although the trial court considered a number of factors in determining the best interests of the child, it placed undue weight on the desirability of father and daughter living near each other. Although that is a factor in determining the best interests of a child, it is only one of many factors that must be weighed. *Boone and Boone*, 75 Or App 413, 706 P2d 205 (1985); *Gautier and Gautier*, 58 Or App 510, 648 P2d 1308, *rev den* 293 Or 653 (1982). In this case, there is no persuasive evidence that the move or a disruption of visitation with father would be more detrimental to the child than would disruption of her contact with mother if father is awarded custody. If maintaining a close geographic relationship with both parents were *controlling*, no primary parent would be allowed to move away over the objection of the other parent without losing custody of the child. We reverse the trial court's award of custody of child to father.

■■        Father cross-assigns error to the trial court's refusal to enter an order prohibiting mother from moving out of the state with the child. Orders prohibiting a party from removing children from the state are disfavored in the absence of appropriate circumstances. *See Wittke and Wittke*, 85 Or App 623, 738 P2d 206, *rev den* 304 Or 279 (1987); *Brink*; *Boone*; *Tuttle and Tuttle*, 62 Or App 281, 660 P2d 196 (1983). "When appropriate circumstances exist, a court may impose geographical restrictions on the domicile of a custodial parent if the restrictions are in the best interests of the child." *Sleight and Cazone*, 100 Or App 325, 328, 786 P2d 202 (1990); *see also Meier and Meier*, 286 Or 437, 445, 595 P2d 474 (1979). We reject father's cross-assignment, because there is no

persuasive evidence that preventing mother from moving the child out of state would be in the best interest of the child.

We agree with the trial court's finding that mother is the primary caretaker and has a higher level of emotional bonding with the child than father does. Mother has offered to pay one-half of the expenses father will incur in visiting the child. Although mother's move to Kansas City will necessarily disrupt father's visitation, the best interests of the child are served by awarding custody to mother. Because we reverse the order awarding custody to father, it follows that the child support order must be reconsidered and a visitation schedule developed. Finally, in light of the disposition of the appeal, we reject father's cross-appeal without discussion.

On appeal, reversed and remanded for entry of judgment awarding custody to mother and for determination of child support and visitation; affirmed on cross-appeal. Costs to mother.